**In the Matter of Jeffrey L. LANTZ.**

**No. 681S153.**

Supreme Court of Indiana.

June 3, 1981.

Forest Bowman, Indianapolis, for appellant.

Thomas J. Opsut, Staff Atty., Indiana Supreme Court Disciplinary Commission, Indianapolis, for appellee.

## DISCIPLINARY ACTION

PER CURIAM.

The present cause is before the Court on a Statement of Circumstances and Conditional Agreement for Discipline tendered pursuant to Admission and Discipline Rule 23, Section 11(d). This Court now finds that the Agreement of the parties should be accepted and that the agreed discipline should be imposed.

In view of the above-noted pleading, we now find that the Respondent is the prosecuting attorney for the First Judicial District of Indiana; as permitted by law, he serves as a part-time prosecutor and part-time private practitioner. As a part-time practicing attorney, the Respondent represented Conren, Inc., which operates as Great Scot Supermarkets, and filed, in the Small Claims Division of the Vanderburgh Superior Court, approximately three hundred suits seeking compensatory and statutory punitive damages for bad checks received by Conren, Inc. The Respondent, in his duty as the prosecuting attorney, had public responsibilities with respect to the enforcement of criminal laws, including the prosecution of the drawers of bad checks.

The filing of bad check cases in a private capacity gives the appearance of using the pressure of the public office to collect civil debts for a private client. We find this conduct violative of Disciplinary Rule 9-101(B) of the Code of Professional Responsibility, which prohibits a lawyer from accepting private employment in a matter in which such lawyers had substantial responsibility while serving as a public employee; Disciplinary Rule 5-105(B), which prohibits a lawyer from engaging in multiple employment where independent professional judgment in behalf of one client is likely to be adversely affected by representation of another client; and Disciplinary Rules 1-102(A)(5) and (6), which prohibit a lawyer from engaging in conduct prejudicial to the administration of justice adversely reflecting on his fitness to practice law.

The Disciplinary Commission and the Respondent have agreed that the appropriate sanction for the misconduct found in this cause is a public reprimand. We concur. It appears that Respondent did not act in a clandestine or furtive manner. Since the institution of these proceedings, the Respondent has caused such matters to be taken over by other counsel. It appears from the record now before this Court that the acts of the Respondent, although improper, were not part of a plan or attempt to intentionally misuse the office of prosecutor for personal gain. In view of these considerations, we find the agreed discipline to be appropriate.

Accordingly, it is ordered that the Respondent be and he is hereby reprimanded and admonished.

Costs of these proceedings are assessed against the Respondent.