**In the Matter of Jeffrey LANTZ.**

**No. 282S69.**

Supreme Court of Indiana.

Dec. 10, 1982.

Forrest Bowman, Jr., Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission of the Indiana Supreme Court and Jeffery L. Lantz, Respondent herein, have tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has also submitted the requisite affidavit pursuant to Admission and Discipline Rule 23, Section 17(a). We have examined all matters submitted before us and find that the agreement of the parties should be accepted and approved.

Accordingly, this Court finds that the Respondent was admitted to the Bar of this State in May, 1967. The Respondent is, and was at all times stated herein, Prosecuting Attorney for the First Judicial Circuit of Indiana in Evansville, Vanderburgh County, serving part-time.

On February 19, 1981, the Respondent filed two civil complaints on behalf of his clients, Kendra and Anthony Head, in the Vanderburgh Circuit Court, which cases were later venued to the Gibson Circuit Court.

On April 9, 1981, Kendra Head contacted the Respondent and advised him that her

husband had been arrested and was being held on charges of public intoxication and disorderly conduct and asked the Respondent to defend him. The Respondent advised her that he could not represent Anthony Head and that they must seek other counsel.

Later that same morning, the Respondent went to the misdemeanor traffic division and found Anthony Head in the custody of the Vanderburgh County Sheriff, sitting in the bull pen in the court room. The Respondent informed Head that he could not represent him. Upon learning that Head had just gotten a job and had to go to work, the Respondent informed the deputy prosecutor there that, if the Court had no objections to the Defendant being released on his own recognizance, the State had no objection. The Respondent also informed Head about the Drug and Alcohol Deferred Services program and introduced him to a Mr. Campbell who dealt with this program. Here, too, the Respondent stated that Head had just gotten a job and Campbell might want to make some different arrangements for speaking with Head.

The Respondent had no further contact with the Heads, until August 11, 1981, except for an unsuccessful attempt to have them answer interrogatories for the civil case.

Upon being made aware, via a grievance filed against him, that Head had two warrants, arising out of the two foregoing charges, outstanding against him, the Respondent sent a letter to the Heads advising them that he could not represent them in the civil case and demanding that Anthony Head surrender himself. On August 11, 1981, the Respondent sent a letter to the Vanderburgh Sheriff informing him of the last known address for Anthony Head. On August 11, 1981, the Respondent withdrew from the civil cases in the Gibson Circuit Court.

By his conduct, the Respondent simultaneously exercised legal responsibility as a public prosecutor and as private counsel for Anthony Head. His dual and diametricly opposed duties to the State and to his client compromised his independent professional judgment. Such conduct is violative of Disciplinary Rules 1–102(A)(5), 5–105(B) and 9–101(B).

The mere possibility of an adverse effect upon the exercise of his free judgment prevents a lawyer from representing clients with opposing interests. The Respondent's dual representation of Anthony Head in a civil matter and the State of Indiana in a criminal matter lodged against Anthony Head violates that basic precept of the *Code of Professional Responsibility.*

In light of the matters set out by the Statement of Circumstances and the foregoing considerations, we find that the agreed discipline, a public reprimand, should be approved. Therefore, it is hereby ordered that the Respondent be and he hereby is reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.