**In the Matter of Larry C. THRUSH.**

No. 282S57.

Supreme Court of Indiana.

May 25, 1983.

Albert J. Schlitt, North Manchester, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission of the Supreme Court of Indiana and Larry C. Thrush, the Respondent herein, have entered into and tendered to this Court a Statement of Circumstances and Conditional Agreement for Discipline, pursuant to Ind.R.A.D. 23, Section 11(d). The Respondent has also submitted an affidavit required under the provisions of Ind.R.A.D. 23, Section 17(a).

Upon examination of the tendered statement and agreement, this Court now finds that it should be approved. Accordingly, this Court finds that the Respondent was admitted to the Bar of this State on October 10, 1973. At all times mentioned herein, the Respondent was the elected Prosecuting Attorney for Wabash County, Indiana. The Respondent, as permitted by statute, served part-time as prosecutor and maintained a private practice.

On or about August 31, 1981, Donald E. Slagal retained the Respondent to initiate a dissolution of marriage proceeding. On or about September 1, 1981, Jean K. Slagal, the wife of Donald E. Slagal, went to the office of Marvin Horine, the Deputy Prosecuting Attorney, with a complaint that her husband had committed battery against her. Deputy Horine filed an information and affidavit of probable cause in the Wabash County Court which court issued an arrest warrant for Donald E. Slagal. On September 2, 1981, Jean K. Slagal, by her counsel, Mark Guenin, filed a Petition for Dissolution of Marriage. Without knowledge of either of the foregoing matters, the Respondent filed a Petition for Dissolution of Marriage on behalf of Donald E. Slagal

 

on September 4, 1981. The Respondent was advised on September 9, 1981, that Jean Slagal had already filed, whereupon he re-designated Donald Slagal's petition as a counter-petition. On about September 10, 1981, the Respondent was advised by Mark Guenin of the complaint filed with the deputy prosecutor and of the fact that Jean Slagal objected to the Respondent's repre-senting Donald Slagal because of Respon-dent's position as prosecutor.

The Respondent failed to withdraw, but requested Guenin to ask his client to sign a waiver of objections. The Respondent had previously employed Guenin as an associate in his law firm as well as chief deputy prosecutor, but had dismissed him from both capacities in October of 1979 leaving a certain amount of bitterness between them. When Guenin suggested that a complaint might be filed with the Disciplinary Com-mission, the Respondent informed him that the Respondent would withdraw but would also dismiss the battery charge pending against Mr. Slagal.

On September 15, 1981, Mrs. Slagal filed a request for investigation with the Disci-plinary Commission. Thereafter, on Sep-tember 24, 1981, the Respondent filed a petition to withdraw from his representa-tion of Donald Slagal in the dissolution matter.

We conclude from the foregoing findings that the Respondent's conduct is violative of Disciplinary Rule 5–105(B) which rule prohibits employment when the attorney's independent professional judgment on be-half of a client will be or is likely to be adversely affected. The Respondent's con-duct is also prejudicial to the administration of justice and violative of Disciplinary Rule 1–102(A)(5) of the *Code of Professional Re-sponsibility for Attorneys at Law*.

The facts as set out above establish that the Respondent, upon being made aware of the clear conflict involved in his dual repre-sentation, refused to disqualify. Further-more, he proceeded to threaten the use of the power of his public office in order to gain an advantage in the civil case. By his conduct the Respondent betrayed the inter-ests of his client, the State, and brought disrespect to the legal profession and to our system of justice.

Accepting the agreement of the parties, this Court hereby reprimands and admon-ishes the Respondent, Larry C. Thrush, for the misconduct found in this case.

Costs of this proceeding are assessed against the Respondent.