466 So.2d 891 (1985)
Everett SANDERS
v.
MISSISSIPPI STATE BAR ASSOCIATION.
Misc. No. 171.
Supreme Court of Mississippi.
March 13, 1985.
Solomon C. Osborne, Greenwood, for appellant.
Andrew J. Kilpatrick, Jr., Connie S. Jelliffe, Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
*893 ROBERTSON, Justice, for the Court:
Members of the bar are not well loved in our society. Lawyer insensitivity to ethical impropriety is one of the primary sources of this lack of public confidence in the Bar. The problem is exacerbated when ethical violations are committed by an attorney holding an important public office.
It is in this context that we consider the recommendation of the Committee on Complaints of the Mississippi State Bar that Everett Sanders, County Attorney for Claiborne County, Mississippi, be adjudged to have violated the Code of Professional Responsibility of the Mississippi State Bar DR 5-105[B] and Miss. Code Ann. § 19-23-13 (Supp. 1984), for which a public reprimand has been recommended.
The facts are undisputed. Sanders is the duly elected county attorney for Claiborne County. See Miss. Code Ann. §§ 19-23-1 et seq. (1972). In addition to their public duties, persons holding the office of county attorney may also engage in a private law practice. Sanders has been so engaged in Port Gibson, Mississippi.
The instant bar disciplinary proceeding arises out of the fact that in the course of his private law practice, Sanders undertook representation of three members of the Claiborne County Board of Education: Jimmy Smith, Roosevelt Yarbrough and Benny Knox. This representation related to proceedings against these three Board members seeking their removal from office. The primary basis of the petition for removal was conduct related to a window replacement project at Addison Junior High School. The school board was said to have paid $200,000.00 for this job, the reasonable value of which was between $40,000.00 and $60,000.00. The remaining $140,000.00 to $160,000.00 was alleged to have been a kickback paid to Smith, Knox and Yarbrough. In the course of this removal hearing the three school board members were asked a number of questions the answers to which may well have led to criminal investigation and prosecution. When those questions were posed, Sanders regularly advised his clients to invoke their Fifth Amendment privilege and decline to answer.
The State Bar Complaints Committee charges that Sanders' representation of Smith, Knox and Yarbrough on a matter such as this at the time when Sanders occupied the office of County Attorney for Claiborne County constituted a violation of: (1) the Code of Professional Responsibility of the Mississippi State Bar DR 5-105[B] (a rule against conflict of interest), and/or (2) Miss. Code Ann. § 19-23-13 (Supp. 1984) (forbidding a county prosecuting attorney from defending criminal cases in his county).
Miss. Code Ann. § 19-23-13 (Supp. 1984) states:
The county prosecuting attorney shall not represent or defend any person in any criminal prosecution in the name of the state, country or municipality of the county, nor shall he give any advice against the state, his county or in a criminal case against a municipality of his county, and shall not represent any person in any case against the state, his county, or any criminal case arising in a municipal court of his county. Nothing herein shall prohibit any county prosecuting attorney from defending any person in any criminal prosecution in any county not within the circuit court district of such county prosecuting attorney.
[emphasis added]
DR 5-105[B] of the Code of Professional Responsibility of the Mississippi State Bar states:
A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105[C].
In a nutshell, Sanders is being charged with accepting employment in a civil matter which he full-well knew involved issues and parties that would likely later become the subject of criminal proceedings, *894 for the prosecution of which he would have substantial responsibility. Miss. Code Ann. § 19-23-11 (Supp. 1984). By representing the accused school board members at the removal hearing, Sanders violated his obligation to the state and to his county to aid uncompromisingly in the prosecution of persons for unlawful conduct committed in Claiborne County. See DR 9-101 (avoiding even the appearance of impropriety). Despite the fact that this removal hearing was technically a civil matter, it clearly dealt with a subject matter which may reasonably have been expected to lead to criminal proceedings. It would appear almost inevitable that in the course of such representation Sanders would become privy to clients' secrets and confidences which would bear directly upon their guilt in any upcoming criminal proceeding. The fact that Sanders advised his clients to invoke, and invoked on his clients' behalf, the Fifth Amendment underscores that this removal hearing was pregnant with criminal implications.
It could be argued that if criminal charges were actually brought against the school board members, Sanders could have recused himself from such prosecutions and thus avoided the conflict. Sanders would, of course, also need to disqualify himself from defending these school board members or he would run afoul of Section 19-23-13. Nonetheless, even if Sanders managed to avoid such conflict by removing himself completely from any such criminal prosecutions, he would appear to be in violation of DR 5-105[A] which directs that:
A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105[C].
Sanders' acceptance of the defense of the school board members in the civil suit would thus have prevented him from representing a client entitled to his primary allegiance  the state/county.
Sanders should have been sensitive to this potential future conflict between his office of county prosecuting attorney and the school board members he defended at the removal hearing because:
"The attorney's position as an advocate for his clients should not be compromised before, during or after trial." [citations omitted] The ethical duties an attorney owes a client attach at the outset of their relationship. Particularly important when examining joint representation is the lawyer's duty not to disclose his client's confidences or secrets even after the formal termination of that representation.
 State v. Bellucci, 81 N.J. 531, 539, 410 A.2d 666, 670 (1980) (citing State v. Land, 73 N.J. 24, 29, 372 A.2d 297, 300 (1977)).
For various reasons  such as the dilemma concerning client secrets and confidences  a prosecutor must be scrupulous in the pursuit of his private law practice. It is elementary that if a party is represented in a civil matter by a prosecutor in his capacity as a private attorney, and if that party subsequently becomes involved in a criminal matter for which the prosecutor has responsibility, then the prosecutor must immediately withdraw from his representation of the party in the civil matter.
[The prosecutor] simultaneously exercised legal responsibility as a public prosecutor and as private counsel for [a single individual]. [The prosecutor's] dual and diametrically opposed duties to the State and to his client compromised his independent professional judgment. Such conduct is violative of Disciplinary Rules ... 5-105[B]... .
 In The Matter of Lantz, 442 N.E.2d 989, 990 (Ind. 1982); see also In The Matter of Thrush, 448 N.E.2d 1088, 1088-89 (Ind. 1983) (prosecutor must disqualify); cf. United States v. Miller, 624 F.2d 1198, 1199, 1202-03 (3rd Cir.1980) (former United States Attorney whose office had had responsibility for criminal tax cases must disqualify himself from defending tax fraud defendant).
*895 Furthermore, when a prosecutor engages in private practice concerning a matter which potentially and foreseeably would conflict with his prosecutorial responsibility, he has engaged in improper conduct.
... [The attorney] as permitted by law, he serves as a part-time prosecutor and part-time private practitioner. As a part-time practicing attorney, the [attorney] represented Conren, Inc., which operates as Great Scot Supermarkets, and filed ... approximately 300 suits seeking ... damages for bad checks received by Conren, Inc. [The attorney], in his duty as the prosecuting attorney, had public responsibilities with respect to the enforcement of criminal laws, including the prosecution of the drawers of bad checks. The filing of bad check cases in a private capacity gives the appearance of using the pressure of the public office to collect civil debts for a private client. We find this conduct violative of ... Disciplinary Rule 5-105[B], which prohibits a lawyer from engaging in multiple employment where independent professional judgment in behalf of one client is likely to be adversely affected by representation of another client... .
 In The Matter of Lantz, 420 N.E.2d 1236, 1237 (Ind. 1981).
Given that it was clearly forseeable that criminal charges against the school board members might well be forthcoming  as exemplified by the need to invoke the Fifth Amendment  Sanders should not have undertaken to represent the school board members at the removal hearing.
We find it disquieting that it has become necessary to address this point, but so that there will be no misunderstanding hereafter we have advised Sanders and the other county attorneys of this state that one client has first and unqualified call upon their time and their fidelity. That client is the county which each voluntarily has sought to serve and been elected to represent. The particular interest of a county that the county attorney is charged to protect is that arising from the public necessity of securing compliance with the laws respecting high crimes and misdemeanors. Miss. Code Ann. § 19-23-11 (Supp. 1984) The county attorney must be diligent and alert to investigate and ferret out wrongdoing and, in cooperation with the district attorney, mount prosecutions where appropriate. In this regard, the county attorney must represent his primary client with warm zeal and all good fidelity.
From the record before us, it is clear that the three school board members have a substantial involvement in illegal activities. This is not to say that we find them guilty here; obviously, that would be as inappropriate as it would be unlawful. There does appear probable cause to believe that the laws of the state have been violated. The county attorney on his oath had an obligation of diligent investigation and, if justified, prosecution, in the context of which it is certain that the county attorney had no business representing these persons in any capacity.
If the county attorney wants to draft wills, form corporations, negotiate contracts, or bring personal injury actions  or whatever  he is perfectly free to do so, provided he does not compromise his fidelity to his primary client as provided by law. Miss. Code Ann. § 19-23-11 (Supp. 1984). This means that a county attorney may not, consistent with our laws regulating his office and the Code of Professional Responsibility to which he is subject, represent in any way, shape, form, or fashion any person or firm which has been, is or may potentially be subject to investigation for wrongdoings. The only advice the county attorney may ethically give such persons is to get another lawyer.
The Committee on Complaints for the Mississippi State Bar has determined that "a public reprimand of ... [Sanders] is all that justice requires". The Committee also assessed Sanders the actual and reasonable necessary cost of the investigation. This degree of punishment is consonant with that meted out in similar situations. In The Matter of Thrush, 448 N.E.2d 1088, 1089 (Ind. 1983); In The Matter of Lantz, *896 442 N.E.2d 989, 990 (Ind. 1982); In The Matter of Lantz, 420 N.E.2d 1236, 1237 (Ind. 1981). Such punishment would also appear adequate to achieve the salutary purpose of informing the other prosecutors of the seriousness of this violation.
Having in mind our role in matters such as this, see, e.g., Levi v. Mississippi State Bar, 436 So.2d 781, 782-784 (Miss. 1983), we here adjudge that Everett Sanders has engaged in conduct which violates both DR 5-105(B) and Miss. Code Ann. § 19-23-13. We order that Sanders be publicly reprimanded in the manner provided by law and that he pay all costs of these proceedings.
ATTORNEY ADJUDGED GUILTY OF CONFLICT OF INTEREST AND ORDERED PUBLICLY REPRIMANDED AND TO PAY ALL COSTS.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.