**In the Matter of Alexandra J. CAPUTI.**

**No. 49S00–9409–DI–885.**

Supreme Court of Indiana.

March 5, 1997.

Order Delaying Suspension April 3, 1997.

---

Harold G. O'Dell, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and the respondent, Alexandra J. Caputi, have tendered for this Court's approval pursuant to Ind.Admission and Discipline Rule 23, Section 11(d), a Statement of Circumstances and Conditional Agreement for Discipline. The respondent is a member of the Bar of this State, having been admitted on October 10, 1973, and is subject to this Court's disciplinary jurisdiction.[1] In a complaint for disciplinary action, the Commission has charged that the respondent engaged in six counts of professional misconduct, all arising out of her representation of clients. The parties propose an agreed resolution whereby the respondent will make restitution and will be suspended from the practice of law for a period of ninety (90) days, at the conclusion of which she will be reinstated without having to file a petition for reinstatement. We have decided to approve the agreement. As part of their tendered agreement, the parties stipulate to the following facts.

**Count I.** On February 20, 1993, a client retained the respondent to seek visitation with his son and possibly custodial rights in a pending paternity matter. The client paid the respondent $500.00 as retainer. In March of 1993, the respondent told the client that she was preparing a petition for visitation. Thereafter, the client attempted to contact the respondent but she did not return his calls. In June of 1993, the client notified the respondent's secretary that he intended to terminate the employment. The respondent returned this message and advised her client that she was in the process of preparing the petition for visitation. On August 25, 1993, some six months later, the client sent the respondent a certified letter requesting information about the status of the case. She signed for this letter but did not respond to the request. Further attempts to contact her were similarly unsuccessful. In September of 1993, the client terminated the employment and requested return of his papers from his file. The respondent did not surrender the requested materials until January 7, 1994. She never entered an appearance in the paternity case on behalf of her client. As part of the agreed discipline, the parties point out that the respondent has agreed to and has repaid $150.00 to this client.

The foregoing findings establish that by her failure to pursue the client's interests and her failure to respond to his repeated requests for information, the respondent violated Rules 1.3[2] and 1.4(a)[3] of the Indiana

---

1. Ind. Const. Art. 7, § 4.

2. *Prof.Cond.R. 1.3* provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

3. *Prof.Cond.R. 1.4(a)* provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

Rules of Professional Conduct for Attorneys at Law.

**Count II.** A female inmate at the Rockville Training Center retained the respondent in June of 1993 to appeal an administrative disciplinary action taken by the Indiana Department of Correction ("IDOC") against her and to seek a sentence modification in the client's underlying criminal case. The IDOC rules prohibit the involvement of attorneys in appeals of administrative disciplinary sanctions. The respondent received $500 as retainer.

Thereafter, the client attempted to contact the respondent by mail. Receiving no response, the client, on October 27, 1993, again wrote to the respondent and requested the return of her files and the retainer if the respondent had not taken any action by November 5, 1993. The respondent did not appeal the disciplinary action nor did she seek a sentence modification for the client. As part of the agreed discipline the parties state that the respondent has agreed to and has in fact refunded $150.00 of the $500.00 retainer collected by her.

We conclude that the respondent's conduct toward this client constitutes professional misconduct. By her failure to pursue the matter for which she was retained, the respondent failed to act with reasonable diligence and promptness, in violation of Prof. Cond.R. 1.3 [4]. By her failure to communicate with her client or respond to the client's inquiries, the respondent failed to keep her client reasonably informed, in violation of Prof.Cond.R. 1.4(a) [5]; and by her failure to explain to her client that IDOC rules did not permit attorney representation at appeals of administrative disciplinary actions, the respondent violated Prof.Cond.R. 1.4(b) [6].

**Count III.** In June of 1993, the respondent sent a letter to the Indiana Supreme Court Disciplinary Commission in response to a grievance lodged against her by the above-mentioned client. Therein the respondent stated that in order to seek sentence modification, she had petitioned for a progress report on her client. The respondent attached a copy of a "Petition for Progress Report from Department of Correction" allegedly filed in the trial court. On the petition, the respondent had executed a certificate of service stating that she was serving a copy of the petition on the prosecuting attorney. Such a petition was never filed in court nor served on the prosecuting attorney.

We conclude that, by these actions, the respondent violated Prof.Cond.R. 8.1(a) [7] in that she knowingly made a false statement of material fact in connection with the disciplinary investigation.

**Count IV.** On April 11, 1991, a defendant who stood charged with two felony counts retained the respondent to defend him and paid her $1,500. The respondent advised her client to plead guilty to both charges and that she would petition the court for sentence modification after the sentencing. On December 19, 1991, the client was sentenced to 6 months imprisonment. Thereafter the client and the client's wife made numerous attempts to contact the respondent by telephone, by mail, and in person, to ascertain the status of the client's sentence modification. The respondent made two contacts by mail but never returned the client's phone calls. Eventually, the client asked that the respondent terminate the representation and return the fees she had been paid. The respondent never filed a petition for modification of the sentence, and she did not respond to the client's request for return of the retainer fee. As part of the agreed discipline, the parties state that the respondent agreed to and has now refunded $250.00 of the retainer fee she collected for this case.

These findings of fact clearly and convincingly establish that the respondent failed to pursue her client's interest, failed to respond to requests for information, failed to communicate with him and keep him reasonably

---

**4.** *See supra* note 1.

**5.** *See supra* note 2.

**6.** *Prof.Cond.R. 1.4(b)* provides that a lawyer shall explain a matter to the extent reasonably neces-

sary to permit the client to make informed decisions regarding the representation.

**7.** *Prof.Cond.R. 8.1(a)* provides that a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter.

informed, and failed to provide sufficient explanation to him to permit him to make an informed decision as to his representation. By such conduct, the respondent violated Prof.Cond.R. 1.3 [8], 1.4(a) [9] and 1.4(b) [10].

**Count V.** On March 1, 1994, the respondent was hired to pursue a sentence modification for an inmate of the Department of Correction. Thereafter, the client and the party retaining the respondent attempted many times to contact her with questions about the progress of the case. The respondent did not answer any of the contacts. Eventually, the client retained the lawyer who had represented her in the underlying criminal prosecution, and that lawyer petitioned for her sentence modification on July 25, 1994. The court file of the case contains an appearance for the respondent dated July 11, 1994, but no such entry appears on the court's Chronological Case Summary and the appearance form bears no file mark. In fact, the appearance was submitted after the client had filed a grievance with the Disciplinary Commission regarding the respondent's conduct and one day prior to the date on which the respondent filed her response to the grievance.

The Commission and the respondent state that, as part of the agreed discipline, the respondent agreed to and has in fact refunded $250.00 of the retainer she collected for this case.

The foregoing agreed facts clearly and convincingly establish that the respondent once again neglected her client's interest, failed to communicate with the client, and failed to explain matters to the extent necessary to permit the client to make informed decisions. By this conduct, the respondent violated Prof.Cond. Rules 1.3 [11], 1.4(a) [12] and 1.4(b) [13].

**Count VI.** In October of 1993, a client retained the respondent to appeal the client's criminal conviction in Marion County Superior Court, Criminal Division 6. The respondent received $2,500 for the appeal. On February 2, 1994, following the respondent's praecipe to the trial court, the respondent received the record of the proceedings in the trial court, but the respondent never filed the appeal. The client, through his mother, made numerous attempts to communicate with the respondent. She frequently did not return the calls and communicated with the client himself only one time, in December 1994, at which time she wrongly informed him that his appeal was proceeding. The parties submit as part of the proposed sanction that the respondent agreed to and has in fact refunded $1,125.00 of the collected fee.

We conclude from the foregoing findings that the respondent failed to act with reasonable diligence, in violation of Prof.Cond.R. 1.3 [14]; she failed to keep her client reasonably informed about the status of the case and failed to respond to reasonable requests for information, in violation of Prof.Cond.R. 1.4(a) [15]; and she failed to explain a matter to the extent reasonably necessary to permit her client to make informed decisions regarding the representation, in violation of Prof. Cond.R. 1.4(b) [16].

The parties also submit for our consideration several mitigating factors. During 1993, one of the years in issue, the respondent was hospitalized twice for bleeding ulcers and exhaustion. The parties submit that the respondent's physical condition contributed in part to her inaccessibility and failure to communicate. Since these charges were filed, the parties agree that the respondent has made a concentrated effort to improve her communication practices by returning telephone calls the same day they are received, writing status letters to her clients, and scheduling appointments to bring

**8.** *See supra* note 1.

**9.** *See supra* note 2.

**10.** *See supra* note 5.

**11.** *See supra* note 1.

**12.** *See supra* note 2.

**13.** *See supra* note 5.

**14.** *See supra* note 1.

**15.** *See supra* note 2.

**16.** *See supra* note 5.

clients up to date as to the status of their case.

■■■ As an appropriate resolution of this case, the Commission and the respondent propose a ninety (90) day suspension from the practice of law with automatic reinstatement. In assessing an appropriate disciplinary sanction, this Court examines several factors, including the nature of the misconduct, the duty violated, the lawyer's state of mind, the actual or potential injury caused by the misconduct, the duty of this Court to protect the integrity of the profession, the potential risk to the public in permitting the respondent to continue in the profession, and the existence of aggravating or extenuating circumstances. *Matter of Cox,* 662 N.E.2d 635 (Ind.1996); *Matter of Woods,* 660 N.E.2d 340 (Ind.1996); *Matter of Cawley, Jr.,* 602 N.E.2d 1022 (Ind.1992). The American Bar Association Model Standards for Imposing Lawyer Sanctions, Standard 4.4, advises that suspension is generally appropriate when (a) a lawyer knowingly fails to perform service for a client and causes injury or potential injury, or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client. The length and condition of disciplinary suspension is determined by a number of additional factors, among them matters in mitigation and aggravation.[17]

A pattern of misconduct and the submission of false statements during the disciplinary process are two aggravating factors[18] poignantly present in this case. The respondent's conduct spanned approximately four years, from 1991 and throughout 1994, and involved five clients, most of whom were in vulnerable circumstances. Her cavalier treatment of their cases and her continuing silence in the face of urgent requests for information indicate a serious lack of professionalism which will not be allowed to continue. Also, extremely troubling is the respondent's ill advised attempt to cover up her dilatory conduct relative to Count II by falsely stating that she had filed a Petition for a Progress Report and submitting as evidence a copy of a petition which was never filed and never served on the prosecution.

Balancing these aggravating matters are two mitigating factors, the absence of prior disciplinary record and the existence of medical problems.[19] Through Admis.Disc.R. 23, Section 11, we have expressed a policy for encouraging appropriate agreed disposition of disciplinary matters. When considering tendered agreed resolutions, in many respects we must rely on the Commission's assessment of the nature of the evidence in the case and the nature and extent of the respondent's actions. In furtherance of this policy we are inclined to accept the proposed resolution. We are further persuaded by the parties' statements that the respondent has made concerted efforts to improve her delivery of client services and communication, and we approve the proposed disposition. Absent an agreement, the respondent's misconduct would have incurred a lengthier period of suspension. Any other acts of professional misconduct by this respondent will not be viewed lightly.

It is, therefore, ordered that the agreement of the parties is approved and that Alexandra J. Caputi is hereby suspended from the practice of law for a period of ninety (90) days, beginning April 7, 1997. Costs of this proceeding are assessed against the respondent. Upon the conclusion of the period of suspension and upon her satisfying fully the costs assessed against her, the respondent shall be reinstated automatically.

The Clerk of this Court is directed to give notice of this action pursuant to Admis.Disc.R. 23, § 3(d) and to provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the Clerk of each of the Federal District Courts in this State, and to the Clerk of the United States Bankruptcy Court in this State the respondent's

---

17. Standard 9.1 of the American Bar Association Model Standards for Imposing Lawyer Sanctions provides that, after misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

18. Standard 9.22(c) and (f), *Id.*

19. The timely good faith effort to make restitution may also be considered, but any restitution under the threat of disciplinary proceedings, as is the case here, carries no mitigating value.

last known address as reflected in the records of the Clerk.

### ORDER GRANTING MOTION TO DELAY INCEPTION OF SUSPENSION PERIOD

BRENT E. DICKSON, Acting Chief Justice.

On March 5, 1997, this Court suspended the respondent for a period of ninety (90) days, beginning April 7, 1997. The respondent has now filed a motion requesting that the beginning of said suspension be delayed thirty days.

This Court, being duly advised, now finds that the respondent's motion should be granted.

IT IS, THEREFORE, ORDERED that the ninety (90) days period of suspension imposed by this Court in this matter shall be effective May 7, 1997.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to give notice of this order pursuant to Admis.Disc.R. 23, § 3(d) and to provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the Clerk of each of the Federal District Courts in this State, and to the clerk of the United States Bankruptcy Court in this State the respondent's last known address as reflected in the records of the Clerk.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

SELBY, J., not participating.