**In the Matter of Alexandra J. CAPUTI, Respondent.**

No. 49S00–0301–DI–20.

Supreme Court of Indiana.

Nov. 17, 2003.

Walter E. Bravard, N. Sean Harshey, Indianapolis, IN, Attorney for the Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, Attorneys for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The Disciplinary Commission charged the respondent, Alexandra J. Caputi, with failure to act with reasonable diligence in handling a client's case and failing to keep her client adequately informed about the case. Today, we find that her conduct violated the *Rules of Professional Conduct for Attorneys at Law* and under the circumstances warrants a suspension from the practice of law for six months without automatic reinstatement.

■ This action commenced when the Disciplinary Commission filed a *Verified Complaint for Disciplinary Action* on January 16, 2003, pursuant to Ind. Admission and Discipline Rule 23(12). As provided by Admis.Disc.R. 23(11)(b), this Court appointed a hearing officer to hear this matter, who has tendered to this Court his findings and conclusions following evidentiary hearing. That report is now before us for final resolution. Neither party has petitioned for review as provided by Admis.Disc.R. 23(15).[1] Where neither party petitions for review of the hearing officer's findings, we adopt the hearing officer's factual findings while reserving final judgment as to misconduct and sanction. *Matter of Campbell,* 702 N.E.2d 692 (Ind.1998). Preliminarily, we note that the respondent's admission to this state's bar in 1977 confers us with disciplinary jurisdiction.

■ We now find that a client hired the respondent to file a petition seeking to emancipate the client's daughter. However, seven months after the client hired the respondent the petition still had not been filed. During this period, the respondent did not return the client's numerous telephone calls seeking information about the status of the case. The client ultimately hired another attorney who found that the client's ex-wife had no objection to the emancipation and who thereafter completed the matter.

By this conduct, we find the respondent violated Ind. Professional Conduct Rule 1.3, which provides that lawyers must act with reasonable diligence and promptness in representing a client, and Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of a matter.

Having found misconduct, we must now assess an appropriate sanction. In so doing, we examine any aggravating factors, several of which are present in this case. The hearing officer's report notes four instances where he concluded that the respondent testified falsely during the hearing of this matter. Specifically, the hearing officer found that the respondent testified falsely when she (1) denied her client provided her with the client's ex-wife's address; (2) stated she could not file the emancipation petition because she did not have the client's daughter's address; (3) claimed she left messages for the client on his home answering machine and had been unable to reach the client or leave a message on his cell phone; and (4) denied failing to return the client's telephone inquiries about the case.

Additional aggravation of the respondent's misconduct lies in the fact that this is not the first time she has been disciplined for neglecting client matters or knowingly making false statements in connection with a disciplinary matter. This Court suspended the respondent for 90 days in 1997 pursuant to a six-count complaint charging her with failing to act with

---

1. The respondent did file an untimely pleading seeking to introduce evidence in mitigation.

reasonable diligence, failing to keep clients informed, and knowingly making a false statement of material fact in connection with a disciplinary matter. *Matter of Caputi*, 676 N.E.2d 1058 (Ind.1997). Our decision in that case stated:

> Absent an agreement, the respondent's misconduct would have incurred a lengthier period of suspension. Any other acts of professional misconduct by this respondent will not be viewed lightly.

*Caputi*, 676 N.E.2d at 1062.

In light of the aggravating circumstances, we conclude that the respondent's conduct here warrants more severe sanction than that previously imposed.

It is, therefore, ordered that the respondent, Alexandra J. Caputi, is hereby suspended from the practice of law for a period of not less than six (6) months, effective December 31, 2003, at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d), to the hearing officer, and to the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the united States Bankruptcy Courts of this state.

Costs of this proceeding are assessed against the respondent.