**In the Matter of Carlyle GERDE.**

No. 79S00–9011–DI–717.

Supreme Court of Indiana.

May 12, 1994.

James V. McGlone, Stuart & Branigin, Lafayette, for respondent.

David B. Hughes, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Comm.

## DISCIPLINARY ACTION

### PER CURIAM.

Respondent Carlyle Gerde is charged by disciplinary complaint with violating Rule 1.7 of the *Rules of Professional Conduct for Attorneys at Law.* This Court appointed a Hearing Officer pursuant to Ind.Admission and Discipline Rule 23, Section 11(e), who, after full hearing, tendered to this Court his factual findings, conclusions of law, and recommendation of sanction. Neither Respondent nor the Disciplinary Commission has petitioned this Court for review of the Hearing Officer's report, and this matter is now before us for final resolution.

As the Hearing Officer's report is unchallenged, we accept and adopt the findings contained therein, but reserve final judgment as to misconduct and sanction. *In re Stover–Pock* (1992), Ind., 604 N.E.2d 606. Accordingly, we now find that Respondent

was admitted to the Bar of Indiana on May 19, 1971, and is therefore subject to the disciplinary jurisdiction of this court. In early 1988, the trustee of Union Township (Montgomery County, Indiana), Teresa Chrisman, retained Respondent to represent Union Township "in any proceeding in which the township [was] interested," pursuant to I.C. 36–6–4–4. Soon after becoming counsel to the township, Respondent took issue with the results of an audit performed by the Indiana State Board of Accounts, covering the period of January 1, 1987 through February 29, 1988. Respondent wrote to the State Board of Accounts, asserting that the audit reflected a "complete lack of basic fairness," that it was "biased," and that it constituted an attempt to "libel" and "slander" township trustee Chrisman. The audit, among other things, charged to Chrisman an $18,796.83 shortage in the township's accounts.

County officials filed an information in Montgomery Circuit Court on May 26, 1988, charging trustee Chrisman with one (1) count of felony theft and one (1) count of official misconduct. The charges alleged that Chrisman used township funds to purchase a $349.99 compact disc stereo from a Target store in Crawfordsville, Indiana, by means of a check written on the township's bank account. She allegedly gave the stereo to her boyfriend as a Christmas gift. The judge of the Montgomery Circuit Court issued a search warrant for Chrisman's apartment on June 7, 1988, based on the court's finding of probable cause to believe that other items of personal merchandise purchased by Chrisman with township funds were located there. That same day, the legislative body of Union Township (the "Board") held a public meeting during which the State Board of Account's audit results were discussed. The Board's president brought up the fact of Chrisman's criminal charges, and gave a copy of the information and accompanying probable cause affidavit to Respondent. He then requested that Chrisman resign her office as trustee. She refused to do so.

Respondent entered an appearance on behalf of Chrisman on June 20, 1988. At a Board meeting on August 2, 1988, the Board's president professed the Board's be-

lief that a conflict of interest existed on Respondent's part due to his simultaneous representation of Chrisman and the township. Respondent stated that he saw no problem with the simultaneous representation. The Board never consented to Respondent's concurrent representation. Pursuant to I.C. 36–6–4–4, Board members apparently believed they did not have the authority to terminate Respondent's services as long as Chrisman retained her office.[1]

On August 8, 1988, Montgomery County prosecuting attorney Wayne E. Steele informed Respondent that the president of the Board, Louis Swenke, was among the state's witnesses in the criminal action pending against Chrisman. On September 6, 1988, the Board decided Chrisman should be afforded a leave of absence until resolution of the matter. Chrisman refused such a leave during an October 5, 1988 Board meeting. At about that time, she met with George L. Hanna, Respondent's law partner, to discuss a possible plea agreement relative to the criminal charges. Prosecutor Steele sent Hanna a proposed plea agreement on December 14, 1988, which Chrisman rejected. The rejected agreement provided, *inter alia*, that Chrisman repay $9,211.30 to the township, despite the $18,796.83 shortage uncovered by the State Board of Accounts. A subsequent plea agreement proposal was also rejected by Chrisman.

On February 13, 1989, during a conversation otherwise about Board business, Respondent asked Board president Swenke to "maybe ... go over and talk to [Steele] and say, 'Look, I want this thing to be history,'" and that perhaps Steele would "listen to a fellow elected official." The Hearing Officer specifically found that Respondent believed Swenke knew Respondent was acting on behalf of Chrisman during this conversation, and that Respondent was not trying to use his position as township counsel to influence Swenke.

On March 30, 1989, Chrisman was charged by a second information filed in Montgomery Circuit Court with fifteen (15) counts of theft

and fifteen (15) counts of official misconduct. Hanna and his law firm appeared for Chrisman.

A jury found Chrisman guilty of criminal conversion and official misconduct in the first criminal case on May 18, 1989. Her sentence included one year incarceration in the Indiana Department of Correction. She resigned as trustee on June 15, 1989. Union Township officials fired Respondent on June 16, 1989. Chrisman pleaded guilty to one count of criminal conversion and one count of official misconduct in the second criminal case, and was sentenced to one year incarceration.

■ Respondent's law firm received approximately $15,000.00 for the services he rendered to the township during his tenure as its attorney. During the same period of time, Respondent's firm received approximately $7,330.00 for representing Chrisman in her criminal actions.

Ind.Professional Conduct Rule 1.7 provides, in relevant part, that

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation.

■ The facts clearly and convincingly establish that Respondent represented both Union Township and trustee Chrisman during a period of time during which Chrisman's

---

**1.** I.C. 36–6–4–4(4) provides that a *township executive* (i.e., trustee) may "[a]ppoint an attorney to represent the township in any proceeding in which the township is interested." (Emphasis added).

personal interests were directly adverse to the interests of Union Township, as the township was the victim of criminal acts committed by Chrisman. Further, Respondent's simultaneous representation threatened to materially limit his representation of Chrisman. The mere possibility of adverse effect upon exercise of free judgment prevents a lawyer from representing clients with opposing interests. *In re Lantz* (1982), Ind., 442 N.E.2d 989. We therefore find that Respondent violated Prof.Cond.R. 1.7(a) and (b) by representing township trustee Chrisman in the criminal actions, while at the same time acting as the township's attorney.

Now that we have found misconduct, we must assess an appropriate sanction. In considering mitigating factors relevant to this assessment, we note that the Hearing Officer found no bad faith on Respondent's part, but rather an apparent failure to recognize an obvious conflict of interest. The Hearing Officer also found that Respondent's law firm received no information for use in Chrisman's criminal defense by virtue of Respondent's representation of Union Township. Respondent has never before been the subject of a disciplinary action.

These mitigating circumstances do not excuse Respondent's misconduct. His actions represent a clear violation of the applicable ethical rules. It is imperative that attorneys be familiar with and faithful to ethical constraints to ensure that the public and Bar are protected from lawyer abuses, both intentional and merely negligent.

We agree with the Hearing Officer's finding that Respondent's actions were not motivated by bad faith. Further recognizing that Respondent is not a continued threat to his clients or to the Bar, but that his misconduct was an isolated instance brought on by ignorance or oversight, we are convinced that a public censure adequately addresses his actions. Accordingly, Respondent Carlyle Gerde is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against the Respondent.