**In the Matter of David J. PUTERBAUGH.**

No. 30S00–9610–DI–688.

Supreme Court of Indiana.

May 1, 1998.

David J. Puterbaugh, Indianapolis, Pro Se.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## PER CURIAM.

The Disciplinary Commission charged that David J. Puterbaugh engaged in lawyer misconduct by failing to act with reasonable diligence and promptness in representing a client, failing to make reasonable efforts to expedite that client's case and engaging in dishonest, fraudulent, and deceitful conduct in discussing the status of that case with the client. A hearing officer appointed by this Court to hear this matter concluded, after reviewing the parties' *Stipulations of Fact and Misconduct,* that the respondent engaged in misconduct as charged. This matter is now before this Court for final resolution.

Since neither party has petitioned for review of the hearing officer's report, we accept the finding and conclusions contained in his report with the understanding that final determination as to misconduct and sanction rests with this Court. *Matter of Gerde,* 634 N.E.2d 494 (Ind.1994). The respondent's admission to the bar of this state on October 9, 1974 confers disciplinary jurisdiction in this matter.

We now find that the respondent was hired in February 1991 to pursue a wrongful termination action against the client's former employer, the state of Indiana. Shortly thereafter, the respondent and his client determined a more appropriate cause of action would be based upon theories of slander and/or defamation of character. On July 11, 1991, the respondent filed a Notice of Tort Claim against the state of Indiana. On January 13, 1993, the respondent filed a formal complaint in Wayne Superior Court. The defendants filed their answer and affirmative defenses on February 3, 1993. The respondent filed no additional pleadings and thereafter failed to prosecute the case. On August 1, 1994, the trial court granted the defendants' *Motion to Dismiss* with prejudice. The respondent did not inform his client of the dismissal, and, in fact, informed her that the case was still active and that he was engaging in settlement negotiations. During October of 1995, the respondent told his client that a monetary settlement had been reached. At about that time, the client examined her case file in the Wayne County clerk's office and learned of her complaint's August 1, 1994, dismissal. Although no settlement was in fact ever paid by or on behalf of the defendants, the respondent gave his client $500 telling her that the money was an advance settlement payment.

By failing to prosecute his client's case after initially filing a complaint, the respondent violated Ind.Professional Conduct Rules 1.3 [1] and 3.2.[2] By falsely informing her that the case was active and settlement negotiations were proceeding and, later, concluded to his client's benefit, the respondent violated Prof.Cond.R. 8.4(c).[3]

Lawyers' commitment and dedication to the interests of their clients are cornerstones of effective legal representation. Failing to

---

**1.** Indiana Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

**2.** Professional Conduct Rule 3.2 provides that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

**3.** Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

act diligently on clients' behalves reflects an unacceptable lack of commitment and dedication and brings the legal system into disrepute. Concomitant deception of clients as to the status of the actions greatly exacerbates the misconduct because it prevents clients from taking steps necessary to preserve their legal rights. The respondent's lack of action resulted in his client losing an avenue of legal redress. As such, his conduct cannot be tolerated. Accordingly, we find that it warrants a sixty day suspension.

It is, therefore, ordered that the respondent, David J. Puterbaugh, be suspended from the practice of law for a period of sixty (60) days, beginning June 8, 1998, at the conclusion of which he shall be automatically reinstated to the practice of law, provided he pay the costs of this proceeding and otherwise satisfies the pertinent requirements of Ind.Admission and Discipline Rule 23.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.