FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT

DISCIPLINARY COMMISSION

No appearance Donald R. Lundberg, Executive Secretary

Robert C. Shook, Staff Attorney

115 West Washington Street, Ste. 1060

Indianapolis, IN  46204

_________________________________________________________________

IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF )

)  Case No. 82S00-9610-DI-683

FREDERICK A. LAMB )

_________________________________________________________________

DISCIPLINARY ACTION

_________________________________________________________________

Per Curiam

The Disciplinary Commission has charged that Frederick A. Lamb engaged in professional misconduct by neglecting the legal affairs of several clients and failing to refund unearned portions of advance payment of legal fees.  A hearing officer appointed by this Court concluded, following a full evidentiary hearing, that the respondent engaged in misconduct as charged.  The respondent failed to appear at hearing and has otherwise presented no defense.  This matter is now before this Court for final resolution.  

Where, as here, the findings and conclusions of the hearing officer are unchallenged, we accept them with the understanding that final determination as to misconduct and sanction rests with this Court.  
In re Gerde
, 634 N.E.2d 494 (Ind. 1994).  The respondent’s admission to the bar of this state on October 25, 1991, confers disciplinary jurisdiction in this matter.

The Commission’s 
Verified Complaint for Disciplinary Action 
is in three counts.  Under Count I, we now find that a couple (the “clients”) retained the respondent in early 1995 to represent them in an adoption and to investigate a school corporation’s possible discrimination against their child.  The clients paid $1,000 to the respondent to begin the representation.   The respondent failed to file a 
Petition for Adoption
 or any related pleadings and failed to investigate the alleged discrimination.  In October 1995, after several unsuccessful attempts to contact the respondent by telephone, the clients sent him a letter asking how much of their retainer remained unearned.  About a week later, the respondent visited the clients at their home and informed them that he had experienced some recent “personal problems,” including a visit to Charter Hospital, but that he would continue to represent them.  Approximately one week after the meeting, the clients called the respondent’s law office only to learn that he no longer worked there.  The respondent has had no further contact with his clients since his visit to their home and has not refunded any unearned portion of the $1,000 retainer.  

We find that the respondent’s inaction on behalf of his clients represents a failure to act with reasonable diligence and promptness in violation of Ind.Professional Conduct Rule 1.3.
(footnote: 1)  The respondent violated Prof.Cond.R. 1.4(a) by failing to keep his clients reasonably informed about the status of the adoption matter and the investigation of the alleged discrimination and by failing to promptly comply with reasonable requests for information about the representation.
(footnote: 2)   The evidence adduced at evidentiary hearing of this matter indicates that the respondent experienced personal problems that necessitated medical treatment.  Despite his condition, the respondent led his clients to believe he would continue to represent their interests, when in fact he took no action at all on their behalf.  We therefore find that, by failing to withdraw from representation of his clients although his mental condition materially impaired his ability to represent them, the respondent violated Prof.Cond.R. 1.16(a)(2).
(footnote: 3)   By abandoning his representation of his clients without giving them reasonable notice and thereby failing to take steps to the extent reasonably practicable to protect their interests, the respondent violated Prof.Cond.R. 1.16(d).
(footnote: 4)  By failing to refund any unearned portion of the $1,000 retainer paid by his clients, the respondent violated Prof.Cond.R. 1.16(d).

Pursuant to Count II, we find that a client hired the respondent on March 30, 1995, to represent her in a bankruptcy proceeding, paying her new lawyer $300 for the contemplated representation and $160 for filing fees.  Despite the client’s later repeated attempts to reach the respondent by telephone, she had no further contact with him for several months.  In September 1995, she contacted the respondent’s office and was told that he had disappeared and that no one knew his whereabouts.  The respondent failed to file a bankruptcy petition on behalf of his client, failed to return to her case file materials to which she was entitled, and failed to refund any of the retainer she had paid to him.   Based on the testimony adduced at evidentiary hearing,  the hearing officer concluded that the respondent was suffering from a mental condition which materially impaired his ability to represent the client.  

By the aforementioned conduct, we find that the respondent violated Prof.Cond.R. 1.3, 1.4(a), 1.16(a)(2), and 1.16(d).

As to Count III, we find that a couple (the “clients”) hired the respondent on June 16, 1995, to represent them in a bankruptcy proceeding, paying him $320 toward an agreed fee of $500.  On September 7, 1995, the clients contacted the respondent to discuss a hearing date.  No date was agreed to that day, and the clients have not heard from the respondent since that conversation despite repeated attempts to contact him.   On October 27, 1995, the clients learned that the respondent had not been in his office for over two weeks and that his whereabouts were unknown.  On that same day, the clients attempted to retrieve materials from their case file from the respondent’s office, but managed only to recover a portion of the paperwork which they requested.  The respondent did not file the bankruptcy petition, and failed to return unearned portions of the advance fee.  Again, based on testimony adduced at hearing, the hearing officer concluded that the respondent was suffering from a mental condition which materially impaired his ability to represent the clients.  

By the foregoing conduct in Count III, the respondent violated Prof.Cond.R. 1.3, 1.4(a), 1.16(a)(2) and 1.16(d).

Having found misconduct, we now turn to the issue of proper sanction.  The hearing officer recommended that the respondent  return to his clients a total of $1,780 (that amount representing the amount of unearned advance legal fees and costs the clients paid to the respondent) and that he be suspended from the practice of law for a period of one year.  

We agree with the hearing officer’s recommendation.  The respondent simply abandoned his law practice without notifying his clients or taking even rudimentary steps toward allowing his clients time for employment of successor counsel, returning to clients case file materials to which they were entitled,  or refunding advance fees that had not been earned.  His total failure to properly wind down his practice resulted in needless delay and anxiety for clients and reflects a total disregard for their interests and the integrity of the profession.  We therefore conclude that a lengthy suspension from the practice of law is appropriate in this case.  Further, evidence of the respondent’s mental impairment convinces us that he should demonstrate treatment and recovery from any impairment which impacts his ability to practice law prior to any future reinstatement.  

Accordingly, the respondent, Frederick A. Lamb, is hereby suspended from the practice of law for a period of not less than one year, beginning December 1, 1997, for the misconduct set out above.  At the conclusion of that period, the respondent may seek reinstatement, provided he pays the costs of this proceeding, pays restitution to his clients in the total amount of $1,780, demonstrates that he has received successful treatment for his mental impairment, and otherwise demonstrates compliance with the provisions of Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last know address of the respondent as reflected in the records of the Clerk.

FOOTNOTES
1: 
Professional Conduct Rule 1.3
 
provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

2: 
Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

3:
Professional Conduct Rule 1.16(a)(2) provides that a lawyer shall not represent a client, or where representation has commenced, shall withdraw from representation of a client if the lawyer’s physical or mental condition materially impairs the lawyer’s ability to represent the client.

4: 
Professional Conduct Rule 1.16(d)
 
provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client’s interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.