**In the Matter of Thomas K. HOFFMAN**

No. 45S00–9701–DI–30.

Supreme Court of Indiana.

Oct. 27, 1998.

Samuel J. Goodman, Hammond, for the respondent.

Donald R. Lundberg, Executive Secretary, Seth Pruden, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This case comes before us on a *Conditional Agreement for Discipline* entered into between the Indiana Supreme Court Disciplinary Commission and the respondent, Thomas K. Hoffman. The allegations of misconduct lodged against the respondent emanate from his representation of a client in a personal injury claim which became time-barred due to the respondent's action.

The agreed facts are as follows: In May, 1991, the respondent was hired to represent the interests of several family members ("clients") who were involved in a traffic accident with an Illinois driver in Cook County, Illinois. The accident, which occurred in November, 1990, caused physical injuries to one of the clients which required medical treatment. The respondent was retained to pursue a tort action as well as delay collection of outstanding medical bills while the claim was being pursued.

Because the automobile accident occurred in Illinois and the defendant was a resident of Illinois, proper jurisdiction and venue for the lawsuit was in Illinois. However, on September 16, 1992, the respondent filed suit on behalf of two of the clients in Lake County, Indiana, the residence of the plaintiffs. The Illinois defendant received service of the Indiana suit, and his insurance carrier was notified. The defendant did not file an appearance but the insurance carrier requested that the respondent not seek default while the insurer evaluated the claims. On October 21, 1992, the respondent agreed to the request. The statute of limitations for the tort claim was due to expire on November 4, 1992, in Illinois as well as in Indiana. In October 1993, more than a year after the case had been filed in Indiana and almost a year after the statute of limitations for filing in Illinois had expired, the defendant's insurance carrier filed a motion to dismiss the Indiana suit, alleging lack of jurisdiction in Indiana. This was the first time that the respondent realized his error in filing the suit in the wrong state. The respondent answered the motion to dismiss, arguing

waiver and bad faith by the defendant in light of the agreement not to seek default. On May 10, 1995, the trial court granted the motion, and the case was dismissed.

The respondent notified his clients of the dismissal, and he and the clients had some discussions about refiling the case under an Illinois "savings statute." The clients and the respondent offer different versions of their communications during the pendency of the case about the effect of a dismissal in Indiana, the effect of the Illinois statute of limitations, the chances for refiling the claim in Illinois, and the conflict of interests that arose. The parties agree that sometime after October 5, 1995, the clients learned from an independent source that the case was time-barred and the claim was gone. The clients filed a grievance against the respondent with the Supreme Court Disciplinary Commission on October 13, 1995. On March 11, 1996, the respondent learned from Illinois counsel that the case could not be refiled in Illinois. After consultation with his malpractice insurance carrier, the respondent, on March 11, 1998, gave written notice to his clients regarding a potential malpractice claim they might have against him and his carrier.

■ Although not every discrepancy in the course of events in this case is resolved by the agreement, the agreed facts establish that the respondent engaged in misconduct. We find that he failed to explain adequately to his clients the effect of a dismissal of the tort claim in violation of Ind.Professional Conduct Rule 1.4(b).[1] Further, he continued to represent the clients after it became apparent that the representation might be materially limited by the respondent's own interests, in violation of Prof.Cond. Rules 1.7(b)[2] and 1.16(a)(1).[3]

■ The parties propose that the appropriate discipline in this case is a public reprimand. By way of mitigation, they agree that the respondent has practiced law for twenty years without previous disciplinary actions and that he has cooperated with the Disciplinary Commission in the investigation of this matter. Nonetheless, the respondent's action deprived the clients of their tort claim and delayed the initiation of a claim they may have had against him. We find that a public reprimand appropriately addresses the unfortunate consequences of the respondent's error and comports with the discipline imposed by this Court under similar circumstances. *See Matter of Gerde,* 634 N.E.2d 494 (Ind.1994). Accordingly, we accept the *Conditional Agreement.* It is, therefore, ordered that the respondent, Thomas K. Hoffman, is hereby reprimanded and admonished for his misconduct.

The Clerk of this Court is directed to provide notice of this order in accordance with Ind.Admission and Discipline Rule 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in the his state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

1. Professional Conduct Rule 1.4(b) requires that a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

2. Professional Conduct Rule 1.7(b) prohibits a lawyer from representing a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests.

3. Professional Conduct Rule 1.16(a)(1) states that a lawyer shall not represent a client or; where the representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the Rules of Professional Conduct or other law.