**In the Matter of Charles E. CAMPBELL.**

No. 49S00–9608–DI–526.

Supreme Court of Indiana.

Dec. 4, 1998.

No appearance for Respondent.

Donald R. Lundberg, Executive Secretary, Dennis McKinney, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission has charged the respondent, Charles E. Campbell, with several violations of the *Rules of Professional Conduct for Attorneys at Law* for converting client funds to his own personal use, for failing to pursue diligently the interests of a client, and for failing to keep a client informed of the status of those interests. Our jurisdiction in this case is derived from the respondent's admission to the bar of this state on January 20, 1984.

A hearing officer was appointed to this case, and, after a hearing thereon, tendered his report to this Court. The respondent failed to appear at the hearing, and

neither he nor the Disciplinary Commission have sought review of the hearing officer's report. Where, as here, the hearing officer's report is unchallenged, we accept and adopt the findings contained therein with the understanding that final determination as to disciplinary violations and sanction rests with this Court. *Matter of Lamb*, 686 N.E.2d 113 (Ind.1997); *Matter of Gerde*, 634 N.E.2d 494 (Ind.1994); *Matter of Geisler*, 614 N.E.2d 939 (Ind.1993). Accordingly, we accept the hearing officer's report and find that the respondent was retained by a client in October 1994 to pursue a tort claim against a hospital. The respondent and the client entered into a contingency fee agreement, and the client advanced the respondent $2,000 for anticipated costs. The respondent sent a *Notice of Claim* to the hospital pursuant to the Indiana Tort Claims Act in January 1995, but paid no costs on the client's behalf and took no further action in pursuit of the client's claim. In fact, the respondent deposited the entire $2,000 into his personal bank account, and subsequently used the funds as his own. The client telephoned the respondent on numerous occasions to seek information about her case, but the respondent did not speak to her or return any of the calls. He had closed his office, abandoned his home address and telephone service, and had abandoned his practice without leaving a forwarding address or telephone number, and without communicating with his client or making any provisions for the protection of her interests.

The foregoing findings clearly and convincingly establish that the respondent engaged in misconduct. The respondent violated Ind.Professional Conduct Rule 1.3 [1] by failing to pursue diligently a client's claim. He further violated Prof.Cond.R. 1.4(a) [2] by failing to keep his client informed about the status of the claim. The respondent also violated Prof.Cond.R. 1.15(a) [3] by commingling the client's money with his own personal funds as well as Prof.Cond.R. 8.4(b) [4] by converting the client's funds and thereby committing a criminal act which reflects adversely on his honesty, trustworthiness, or fitness as a lawyer.

■ Having found misconduct, we now turn to the issue of proper sanction. In so doing, we examine the surrounding circumstances, the respondent's state of mind, the duty violated, actual or potential injury to the client, the duty of this Court to preserve the integrity of the profession, the risk to the public, and any mitigating or aggravating factors. *Matter of Christoff and Holmes*, 690 N.E.2d 1135 (Ind.1997); *Matter of Gemmer*, 566 N.E.2d 528 (Ind.1991); *Matter of Kern*, 555 N.E.2d 479 (Ind.1990).

■ The criminal nature of respondent's conduct, his utter neglect of a client, and the resulting injury indicate a serious lapse of professional responsibility. We are also mindful of the lack of any mitigating factors. When a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, a suspension is generally appropriate. [5] Suspension is also appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. [6] In light of the findings of misconduct and the foregoing considerations, we conclude that the appropriate sanction in this case is a substantial period of suspension.

1. Indiana Professional Conduct Rule 1.3 requires that "a lawyer shall act with reasonable diligence and promptness in representing a client."

2. Professional Conduct Rule 1.4(a) provides that "a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

3. Professional Conduct Rule 1.15(a) states that "a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

4. Professional Conduct Rule 8.4(b) provides that "it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

5. *American Bar Association Model Standards for Imposing Lawyer Discipline*, Standard 4.42.

6. *Id.*, Standard 4.12.

It is, therefore, ordered that the respondent be suspended for a period of not less than eighteen (18) months, beginning January 8, 1999. At such time as the respondent completes his term of suspension, he may seek reinstatement and, in addition to meeting the requirements set forth in Ind.Admission and Discipline Rule 23(4), he must demonstrate that he has made restitution to his client in order to become eligible for reinstatement.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.