**In the Matter Of William R. McCORD**

No. 84S00–9806–DI–313.

Supreme Court of Indiana.

Jan. 28, 2000.

William R. McCord, pro se, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, Indiana, For the Indiana Supreme Court Disciplinary Commission.

## PER CURIAM.

Attorney William R. McCord represented a client before the United States Court of Appeals for the 7th Circuit when he was not admitted to practice before that tribunal. His efforts to litigate his client's case there were so replete with missed deadlines and other procedural deficiencies that the court ultimately dismissed the appeal and barred the respondent from practicing before the court. We find today that those actions violated the *Rules of Professional Conduct for Attorneys at Law* and that they warrant the respondent's suspension from the practice of law.

■ Our jurisdiction in this attorney disciplinary matter is derived from the respondent's admission to the bar of this state on October 10, 1980. Before us now are the duly-appointed hearing officer's findings of fact and conclusions of law, entered following an evidentiary hearing on the events underlying this case. The respondent appeared *pro se* at the hearing, and thereafter petitioned this Court for review of the hearing officer's report. Where the hearing officer's report is challenged, we employ *de novo* review of the entire record presented to us. Final determination as to misconduct and sanction rests with this Court. *Matter of Lamb*, 686 N.E.2d 113 (Ind.1997); *Matter of Gerde*, 634 N.E.2d 494 (Ind.1994); *Matter of Geisler*, 614 N.E.2d 939 (Ind.1993).

■ As a preliminary matter, we note that in his petition for review of the hearing officer's report, the respondent contends that he was denied due process in this disciplinary proceeding because the hearing officer denied his motion for pauper counsel. There is no right to appointment of pauper counsel at public expense in an attorney disciplinary proceeding. Admission and Discipline Rule 23 contains no provision for the appointment of pauper counsel. Accordingly, the fact that the hearing officer denied the respondent's request for pauper counsel in this case does not indicate that the respondent was denied due process.

■ Turning to the facts of this case, we now find that a client retained the respondent in 1993 to pursue a claim against an insurance company arising from an automobile accident. The respondent filed a claim in the Hendricks Circuit Court on July 23, 1993. The defendant insurance company, without formal opposition from the respondent, later successfully petitioned to remove the case to federal district court. There it moved for summary judgment, again initially without formal opposition from the respondent. While the motion for summary judgment pended, the respondent petitioned the district court for "remand" to the state·trial court. On May 11, 1994, the district court denied the respondent's motion for remand, and several days later granted to the defendant's motion for summary judgment.

The respondent then began an appeal of the dismissal to the 7th Circuit Court of Appeals by filing a motion to extend the period of time he had to file a notice of appeal. The clerk of the court notified the respondent that he had not previously been admitted to practice before it. At no time during the pendency of the case did the respondent submit the required application form and payment to be admitted to practice before the 7th Circuit.[1]

The court also imposed a briefing schedule, which, due to the respondent's unsuccessful *Motion to Stay* the appeal (based on alleged but unidentified "newly discovered evidence"), was extended. The respondent's first brief, due to be filed on May 10, 1996, was not filed until May 14 and contained several procedural deficiencies.[2] Because of these irregularities, the clerk of the 7th Circuit issued a deficiency notice on May 14, 1996. The respondent filed additional materials intended to bring the brief into compliance eight days after the deadline established in the deficiency notice. The clerk issued a second deficiency notice that same day and provided the respondent an additional seven days to make the necessary corrections. On June 19, 1996, the respondent filed a revised brief (which was nine days late) along with a *"Motion to File Instanter."* The court issued a third deficiency notice on June 26, 1996, again for the respondent's failure to follow the court's procedural rules. It also found the *"Motion to File Instanter"* to be insufficient and thus denied it, and ordered the respondent to show cause why the appeal should not be dismissed. On October 29, 1996, the respondent submitted another revised brief, which the court again found to contain incomplete and incorrect information. The clerk's fourth deficiency notice followed the filing of this brief, and upon order of the court, the respondent was given one final chance to brief his case in accordance with published rules and guidelines before November 15, 1996. The respondent did file a brief on November 15; however, the clerk concluded that substantive changes had been made to the body of the brief in direct violation of the Federal Rules of Appellate Procedure and the admonishments of the

---

1. Pursuant to Circuit Court Rule 46 in effect at that time, the respondent, in order to become admitted to that court, was obligated to complete an application form and tender a $15.00 application fee.

2. Generally, the procedural deficiencies consisted of jurisdictional statements or summaries noncompliant with court rules, improper binding, or improper references to the record.

court contained in the deficiency notices. Upon motion of the insurance company, the court in January 1997 struck the entire brief because it raised new issues which had not been presented in the original May 10, 1996 brief. The court also ordered the respondent to show cause why he should be removed from the roll of attorneys. On January 22, 1997, the respondent replied, therein arguing that the briefs "fully complied with the rules dictated by procedural flexibility of the State of Indiana" and that "under the Indiana rules, as outlined in that brief, submission of evidence to the court is allowed at any time in perfecting an appeal." On February 25, 1997, the 7th Circuit ordered that the respondent be stricken from the roll of attorneys, despite the fact that he had never formally been admitted to that bar.

We find that the respondent's consistent and pervasive inability to comply with the procedural rules of the 7th Circuit constitutes a failure to act with the requisite competence, deriving from a lack of the necessary legal knowledge, skill, thoroughness, and preparation required to protect his client's interests. We therefore find that the respondent violated Ind. Professional Conduct Rule 1.1.[3] By missing numerous appellate deadlines in his quest to appeal his client's case, the respondent violated Prof.Cond.R. 1.3,[4] which requires a lawyer acting on behalf of a client to handle diligently and promptly those matters. The respondent violated Prof. Cond.R. 3.4(c)[5] by failing to abide by the 7th Circuit's rules governing admission to that court's bar and the timing and form of briefs submitted to it. We find that the respondent also violated Prof.Cond.R. 5.5(a)[6] by intentionally failing to become admitted to the bar of the 7th Circuit, despite the fact that he actively pursued an appeal before it. Finally, we find that the respondent violated Prof.Cond.R. 8.4(d)[7] by engaging in conduct prejudicial to the administration of justice by his extraordinarily deficient handling of his client's claim before that tribunal and resultant detriment to that client.

In his petition for review, the respondent alleges that there has been a "fundamental deprivation of due process" regarding not only this disciplinary action (as noted above), but also with regard to his client's case against the insurer. The respondent then goes on to argue, point by point, why the federal courts should have referred certain substantive legal issues back to the Indiana courts for resolution.

Those matters were litigated to finality in the federal courts and the respondent's attempts to use this disciplinary proceeding to re-litigate them collaterally are improper. This disciplinary proceeding's sole purpose is to determine whether the respondent engaged in attorney misconduct and, if so, what the sanction for that misconduct should be. Neither the respondent's client nor the insurance company with whom his client had a dispute is a party to this action, and this is not the forum now charged with resolving that dispute.

■ Having found misconduct, we now turn to the issue of determining proper

---

**3.** Indiana Professional Conduct Rule 1.1 provides that a lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

**4.** Indiana Professional Conduct Rule 1.3 requires that a lawyer shall act with reasonable diligence and promptness in representing a client.

**5.** Professional Conduct Rule 3.4(c) provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

**6.** Professional Conduct Rule 5.5(a) states that a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

**7.** Professional Conduct Rule 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

discipline. In so doing, we examine any factors that mitigate or aggravate the misconduct. *Matter of Corbin,* 716 N.E.2d 429; *Matter of Christoff and Holmes,* 690 N.E.2d 1135 (Ind.1997).

Besides his lack of diligence while representing his client before the 7th Circuit, the respondent misunderstood and misapplied the rules and regulations governing federal appellate practice. When the procedural deficiencies in his brief were finally corrected, the respondent then committed more substantive violations of established procedure by placing into the brief new evidence, contrary to the express admonishment of the court. Lawyers are bound to represent clients with requisite knowledge, skill, thoroughness, and preparation reasonably necessary. Prof. Cond.R. 1.1. This may be provided to clients, even in novel or unfamiliar areas of the law, through, for example, adequate study and preparation or by association with attorneys experienced in the area. *See* Comment to Prof.Cond.R. 1.1. The respondent apparently took no such steps to ensure that his client benefited from such safeguards. The respondent's shortfalls transcended simple lack of preparation and negligence and ultimately rose to the level of purposeful dereliction of required procedures (e.g., his failure to become admission to practice before the 7th Circuit). By purposely failing to follow the procedures of the tribunal that held the key to his client's legal relief, the respondent stubbornly deprived his client of any legal redress at all. Given our concerns over the respondent's fitness to represent other clients in light of his performance before the 7th Circuit, as well as in light of the damage he inflicted upon his client, we conclude that a period of suspension is warranted.

It is, therefore, ordered that the respondent be suspended for a period of not less than sixty (60) days, beginning March 1, 2000, at the conclusion of which he may seek reinstatement provided he can satisfy the requirements set forth in Ind.Admission and Discipline Rule 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.