**In the Matter of Frederick H. SHULL.**

**No. 21S00–9906–DI–358.**

Supreme Court of Indiana.

Feb. 5, 2001.

Frederick Shull, pro se.

Donald R. Lundberg, Executive Secretary, Fred Rice, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM

The respondent, Frederick H. Shull, intentionally skipped seven court proceedings at which he was scheduled to appear to defend his client against criminal charges. The respondent later testified he purposely missed the hearings in an attempt to stall the case and gain dismissal of the charges. The charges, in fact, were dismissed, prompting the respondent to testify that he should be "complimented" for his delay tactics. He is wrong. We

suspend the respondent from the practice of law for six months for this professional misconduct.

Having been admitted to the bar of this state in 1974, the respondent is subject to our disciplinary jurisdiction. The Disciplinary Commission charged the respondent with violating Rule 1.4 of the *Rules of Professional Conduct* for failing to inform his client of the hearings and for the respondent's failure to attend those hearings[1]; Prof.Cond.R. 3.2 for breaching his duty to expedite litigation consistent with his client's interests[2]; Prof.Cond.R. 3.4(c) for ignoring a specific order of the court to appear[3]; Prof.Cond.R. 8.1(b) for failure to respond to the Commission's request for information about this incident[4]; and Prof. Cond.R. 8.4 for engaging in conduct prejudicial to the administration of justice.[5]

█ A hearing officer was appointed to this case, and, after a hearing, tendered his report to this Court, determining that the respondent had committed professional misconduct. Where, as here, the hearing officer's report is unchallenged, we accept and adopt the findings contained therein with the understanding that final determination as to disciplinary violations and sanction rests with this Court. *Matter of Campbell,* 702 N.E.2d 692 (Ind.1998).

---

1. Prof.Cond.R. 1.4 provides:
 (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
 (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

2. Prof.Cond.R. 3.2 requires that "(a) lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

3. Prof.Cond.R. 3.4 provides in relevant part:
 A lawyer shall not: ...
 (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists....

4. Prof.Cond.R. 8.1 provides in relevant part:
 An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not: ...
 (b) ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

5. Prof.Cond.R. 8.4 provides in relevant part:
 It is professional misconduct for a lawyer to: ...
 (d) engage in conduct that is prejudicial to the administration of justice....

Within this review context, we now find that the respondent represented the client against charges of domestic battery in a court in Union County. The respondent appeared on behalf of his client at a telephonic pre-trial conference on June 10, 1997, during which a follow-up pre-trial conference was set for July 21, 1997. The respondent did not appear at the second pre-trial conference. He also did not appear at four subsequently scheduled court hearings between August 25, 1997 and January 16, 1998.

On January 30, 1998, the trial court ordered the respondent to appear on March 9, 1998. The respondent, again, failed to appear. On March 11, 1998, the court set the matter for trial on May 7, 1998 and ordered that the trial would proceed "in absentia" if the respondent and his client did not appear.

The respondent never advised his client of the various court dates or the consequences of failing to appear. Consequently, the client was not present at any of the hearings, including his trial scheduled for May 7. After unsuccessfully attempting to telephone the respondent when the respondent failed to appear on the trial date, the trial court, in keeping with its earlier order, proceeded to hear the state's evidence and took the matter under advisement. On October 28, 1998, the criminal charges were dismissed.

After a grievance was filed against the respondent, the Commission demanded a response from the respondent, as required by Ind.Admission and Discipline Rule 23, Section 10(a). Although the respondent received that certified mailing from the Commission, he did not respond. The Commission sent two further requests for response, which the respondent also ignored.

 We find that the respondent violated Prof.Cond.R. 1.4(a) by failing to keep his client reasonably informed about the status of his case. Specifically, the respondent failed to inform his client about the court settings and of the respondent's failure to appear at those proceedings. The respondent, by not advising his client about the several court appearances and the possible consequences for failing to appear, failed to explain the criminal proceeding to the client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, in violation of Prof.Cond.R. 1.4(b).

 The respondent also violated Prof.Cond.R. 3.2, when he intentionally and repeatedly failed to appear for scheduled court proceedings without excuse. By refusing to respond to a lawful demand for information from the Commission, the respondent violated Prof.Cond.R. 8.1(b). We further find that the respondent, through his pattern of obstreperous actions, engaged in conduct prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).[6]

 A finding of misconduct necessitates a determination of proper sanction. In making that determination, we consider the misconduct, the respondent's state of mind underlying the misconduct, the duty of this court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *Matter of Mears*, 723 N.E.2d 873 (Ind.2000). We note as an aggravating factor that the respondent was privately reprimanded by this Court in 1997.

We also find as an aggravating circumstance the respondent's acknowledged practice of missing court appearances as a means of manipulating the judicial system to his or his client's advantage. In his testimony before the hearing officer, the respondent minimized the importance of

---

**6.** The hearing officer made no finding with regard to the charge that the respondent had violated Prof.Cond.R. 8.4(d).

court settings, suggesting that trial courts set hearings in cases as a means of keeping track of dockets, rather than for purposes of meaningful activity in those cases. Further evidence of the respondent's disdain for orderly judicial process is evident in the following exchange during the hearing:

> Hearing officer: ... I'd like for you to speak to sanction briefly if you would. You had talked about the kernel of this being attorney neglect, and you're saying, it wasn't neglectful, I knew what was going on, and it ultimately turned out all right ...

> ...

> Respondent: You know, this would have been well done, that a boy, you know. That's what we meant to do, we did it. Oh, I'm sorry. No, there's no sanctions. I should get a compliment on this. I mean that's what we set out to do. That was the tactic that we did. That's what worked ...

> Hearing officer: Okay. So, you're arguing for no sanction?

> Respondent: Yes. I think a compliment is in order for the results obtained on this case.

Transcript at 22–24.

Courts set matters for hearing for a variety of purposes, some ministerial and some substantive. Regardless of the underlying action or reason for hearing, counsel has a professional obligation to appear as directed. Intentional absence from a court hearing is open defiance of a court order. Misconduct of this kind delays the administration of justice, inconveniences all others involved in the proceeding, wastes judicial resources, potentially compromises the interests of clients, and subjects the attorney to possible charges of contempt or, as here, professional misconduct. *See, e.g., Matter of McCord,* 722 N.E.2d 820 (Ind.2000) (suspension for no fewer than sixty days for lawyer's misunderstanding and misapplication of rules and regulations governing federal appellate practice, and repeated failure to comply with procedural requirements and deadlines). The respondent's consistent failure to respond to the Commission in its investigation of his absences from hearings underscores his disregard for judicial authority and professional obligations.

Given our finding of aggravating circumstances, we conclude that a suspension of six (6) months without automatic reinstatement is appropriate under the circumstances. Accordingly, we order that the respondent be suspended from the practice of law for a period of not fewer than six months, beginning March 5, 2001, without automatic reinstatement.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.