**In the Matter of Terrance L. KINNARD, Respondent.**

**No. 49S00–0707–DI–288.**

Supreme Court of Indiana.

Sept. 7, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In January 2003, when Respondent had been in practice for a little over two years, he was retained to represent a client on drug possession charges. After discovering the client was incarcerated in a different county for an unrelated probation violation, Respondent twice failed to appear at pretrial conferences. The trial court issued a show cause order directed at Respondent, who failed to appear on three hearing dates. At one show cause hearing, the client appeared and requested appointment of a public defender. Eventually the trial court withdrew Respondent's appearance and appointed a public defender for the client. The parties agree the there are no facts in aggravation and that Respondent's inexperience at the time is a fact in mitigation.

**Violations:** Respondent and the Commission agree that Respondent violated the following Indiana Professional Conduct Rules:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and promptly respond to reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonable necessary to permit client to make informed decisions.

3.2: Failure to expedite litigation consistent with the interests of the client.

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties agree the appropriate sanction is a public reprimand.

**Analysis:** Even an inexperienced attorney should appreciate the importance of appearing at court hearings and obeying court orders.

[C]ounsel has a professional obligation to appear [at court hearings] as directed. Intentional absence from a court hearing is open defiance of a court order. Misconduct of this kind delays the administration of justice, inconveniences all others involved in the proceeding, wastes judicial resources, potentially compromises the interests of clients, and subjects the attorney to possible charges of

contempt or, as here, professional misconduct.

*In re Shull,* 741 N.E.2d 723, 727 (2001).

Respondent clearly neglected his professional duties and in some circumstances, such conduct would warrant a period of suspension. In assessing the agreed sanction in this case, however, the Court notes that Respondent's misconduct occurred when he was an inexperienced lawyer and seems to have been limited to one case. *See In re Brown,* 636 N.E.2d 1249 (Ind. 1994) (failure to abide by the directives of trial court in one case warranted public reprimand). In light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court imposes a public reprimand. The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justice concur.