### In the Matter of Terrance L. KINNARD, Respondent.

No. 49S00–0905–DI–235.

Supreme Court of Indiana.

Feb. 10, 2014.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable J. Jeffrey Edens, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 2006, the Marion County Prosecutor filed a petition to establish paternity and provide support against a child's alleged father ("Father"), who was represented by Respondent. The prosecutor was acting on behalf of the State of Indiana under what is commonly known as "Title IV–D" of the Social Security Act. The trial court eventually entered a judgment finding Father admitted his paternity of the child; granting custody to the mother ("Mother"), who lived in Florida; granting visitation "at all times and places the parties may agree"; ordering the child's surname to be hyphenated, with father's surname first; and ordering Father to pay child support. (The $274 per week award was erroneous and should have been $249.97.)

On April 4, 2007, Respondent filed a motion to correct error and tendered an order granting the motion, but he did not serve either on Mother. The trial court granted the motion on April 9, 2007, without a hearing using the tendered order, reducing Father's support to $250 per week and inverting the order of the child's surname (with Mother's surname misspelled). Only Respondent was on the distribution list of the order he tendered. Mother had no knowledge of the order until several months after it had been entered.

On April 9, 2008, Respondent filed a petition to modify custody and to find Mother in contempt, in which he made the following *false* statements: (1) Father has been awarded visitation pursuant to the Indiana Parenting Time Guidelines; (2) Mother had denied him visitation to which he was entitled under the Guidelines; and (3) Mother resided in Indianapolis. On April 10, 2008, Respondent sent the petition to Mother at her Florida address along with a request for production of documents. The request for production identified the petitioner as a person unrelated to the paternity matter. An attorney entered an appearance for Mother, and the parties' disputes were eventually resolved.

Mother filed a grievance against Respondent based on his actions in the pa-

ternity and support case, making *true* assertions of fact, including: (1) that Respondent did not serve her with the motion to correct error; (2) that the child's name was misspelled in the order supplied by Respondent; and (3) that Respondent made false statements in a later petition to modify custody, including that Mother lived in Indiana, that Father has been awarded visitation pursuant to the Indiana Parenting Time Guidelines, and that Mother had violated the parenting time order.

On June 9, 2008, Respondent filed a complaint against Mother alleging defamation based on statements she made in the grievance, alleging that the statements were false and made with malice intended to cause harm to Respondent. He sought damages of over $100,000 and attorney fees. Respondent's complaint was *unfounded in both fact and law*. The Commission urged Respondent to dismiss the complaint. On August 15, 2008, Respondent and Mother filed a joint motion to dismiss.

*Aggravating and mitigating facts.* We find the following facts in mitigation: (1) Respondent is remorseful about his actions in filing the defamation suit; (2) Respondent admitted the violations charged prior to the hearing; (3) Respondent is known within the community to be a person of good character; (4) After the verified complaint was filed, Respondent sought the assistance of Indiana Judges and Lawyers Assistance Program ("JLAP") and a mentor; (5) Respondent mistakenly believed that the prosecutor represented Mother in the Title IV–D proceeding. The hearing officer found Respondent's prior discipline as a fact in aggravation. *See Matter of Kinnard*, 873 N.E.2d 58 (2007).

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.5(b): Communicating ex parte with a judge during a proceeding unless authorized to do so by law or court order.

3.1: Asserting a position for which there is no non-frivolous basis in law or fact.

4.4(a): Using means in representing a client that have no substantial purpose other than to embarrass or burden a third person.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** Even if Respondent's failure to serve Mother was due to confusion about the prosecutor's role in the Title IV–D proceeding, the ethical mandate that documents filed in a court proceeding contain only truthful allegations is a bedrock legal principle. Respondent's most serious misconduct is his calculated filing of a baseless and vexatious defamation action against the grievant who reported his misconduct. We note that there is no finding regarding whether Respondent made any attempt to reimburse Mother for any monetary damages she incurred due to his misconduct.

Respondent suggests that he be suspended for a period of time followed by probation during which he would be under the supervision of JLAP and an attorney mentor. Similar discipline was earlier proposed by a conditional agreement, which this Court rejected. Respondent did not accept the Court's counterproposal for suspension of six months without automatic reinstatement. *See* Admis. Disc. R. 23(11)(c). Now, upon consideration of the fully developed record, the Court again concludes that the discipline proposed by Respondent is inappropriate and insufficient for Respondent's misconduct, which included the deliberate and vindictive abuse of the legal system in an attempt to thwart the disciplinary process. The Court again concludes that Respondent should be suspended for at least six

months and should then be permitted to resume practice only after obtaining approval for reinstatement.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, without automatic reinstatement, beginning March 24, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.