**In the Matter of Darlene W. MEARS.**

No. 45S00–9309–DI–987.

Supreme Court of Indiana.

Feb. 18, 2000.

James H. Voyles, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, David B. Hughes, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

While serving as a judge of the Lake Superior Court, Juvenile Division, the re- spondent, Darlene W. Mears, improperly used members of her staff to perform personal tasks for her at times when they were being paid by the county. Today we approve a *Conditional Agreement for Discipline*, pursuant to Ind.Admission and Discipline Rule 23, Section 11, between the respondent and the Indiana Supreme Court Disciplinary Commission, which will result in respondent's suspension from the practice of law for ninety (90) days for this professional misconduct.[1]

The facts presented by the Commission and the respondent are that the respondent was a judge of the Lake Superior Court, Juvenile Division, from April 1978 through April 1992. In that capacity, she supervised employees of the Lake County Superior Court, Juvenile Division, and the Lake County Juvenile Detention Center. Employees of both entities, at the request of the respondent, performed personal tasks for the respondent during their regular work hours or during periods for which they were earning compensatory time.

These tasks included telephoning stores for the respondent to determine the availability of sale items; ordering items from catalogs for the respondent; typing annual Christmas letters to the respondent's family; filling the respondent's car with gas; picking up the respondent's laundry and groceries; preparing a moving list instruction the respondent's movers where items were to be placed in the respondent's new home; preparing an insurance claim list for the respondent; and preparing invitations for the birthday and baptism of the respondent's son. Although those activities prompted the filing of criminal charges, including ghost employment, against the respondent, she was acquitted on all counts in 1994.[2]

1. As a preliminary matter, we note that the respondent was admitted to practice law in this state on September 22, 1971. Accordingly, she is subject to the disciplinary authority of this Court. This case has been prosecuted by the Disciplinary Commission because the respondent no longer serves as a judge.

2. Acquittal on criminal charges does not prohibit the filing of professional misconduct charges arising from the same conduct. A

■ The respondent and the Commission agree, and we find, that the respondent violated Ind. Professional Conduct Rule 8.4(d) by engaging in conduct prejudicial to the administration of justice.[3] At the respondent's direction, employees paid with public funds to process cases adjudicated in the respondent's court repeatedly spent part of their work day performing tasks for the respondent with no apparent benefit to the judicial system. The respondent's routine use of her staff to run personal errands lacking any substantial relationship to the respondent's judicial responsibilities can only be viewed as having impaired the operation of her court and diminished the public perception of the judiciary constitutes conduct prejudicial to the administration of justice.

■ Having found professional misconduct, we must determine an appropriate sanction. In making that assessment, we consider the nature of the misconduct, the respondent's state of mind underlying the misconduct, actual or potential injury flowing from the misconduct, the duty of this Court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *Matter of Lehman*, 690 N.E.2d 696 (Ind. 1997).

The Commission and the respondent cite as mitigating factors that the respondent has not practiced law since moving to California in 1995 after these charges were filed in September 1993, and that she is remorseful for her misconduct. They suggest a sanction of a ninety (90) day suspension from the practice of law in Indiana without automatic reinstatement.

While recognizing that the respondent has had substantial time to reflect on her misconduct and now appears to appreciate the impropriety of her actions, we note that we have imposed harsher sanctions in other cases involving misuse of public employees. *See, e.g., Matter of Brown*, 703 N.E.2d 1041 (Ind.1998) (three-year suspension for conviction of ghost employment and for offensive and unwelcome sexual advances to employees); *Matter of Riddle*, 700 N.E.2d 788 (Ind.1998) (disbarment for ghost employment); *Matter of Hampton*, 533 N.E.2d 122 (Ind.1989) (respondent disbarred for ghost employment and misappropriation of funds while serving as license branch manager).

■ While those cases involve more egregious misconduct than that admitted by the respondent, one factor in those cases also is evident here—a betrayal of the public trust. Judges are provided staff to assist them in their professional duties. Judges, often being their direct supervisors, are entrusted with the management responsibilities of a small office operating as part of a larger system of justice. The respondent violated that trust when she placed her personal interests above her professional obligations by regularly requiring her staff to run personal errands for her during working hours or while they were earning compensatory time.[4]

Her actions rose to the level of professional misconduct because of the repeated

---

disciplinary action is not a criminal proceeding; the discipline of a member of the Bar of this State is independently determined from any other proceeding, even if the alleged professional impropriety involves criminal conduct. *Matter of Hampton*, 533 N.E.2d 122 (Ind.1989); *Matter of McDaniel*, 470 N.E.2d 1327 (Ind.1984).

3. Prof.Cond.R. 8(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

4. We do not suggest that judicial staff are prohibited from performing any task from which a judge derives some measure of personal benefit. For example, there may be circumstances in which an employee's performance of what otherwise could be viewed as a personal task actually will assist the judge in fulfilling the judge's professional obligations. For instance, a judge who requests an employee drive the judge to a speaking engagement does not commit professional misconduct where the judge uses the time in the car to prepare for the speech or to perform other judicial work.

and personal nature of the tasks performed by the judicial staff and the clear indication that such tasks were performed as a part of, but not in furtherance of, their official duties. For instance, an employee received compensatory time for driving the respondent's son to a birthday party after normal working hours. Routine shopping expeditions by court employees instituted at the respondent's direction and on her behalf can only be viewed as an abuse of her authority and staff.

Although a more severe sanction could be justified, we approve the Conditional Agreement between the Commission and the respondent calling for a ninety (90) day period of suspension in light of our policy favoring agreed resolutions of disciplinary cases.

Accordingly, it is therefore ordered that the respondent is hereby suspended from the practice of law for a period of ninety (90) days, beginning March 20, 2000, at the conclusion of which she may seek reinstatement to the practice of law upon a showing that she has met the conditions of Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., DICKSON, J., BOEHM, J. and RUCKER, J., concur.

SULLIVAN, J. dissents and would reject the conditional agreement on grounds that it provides for an insufficient sanction.