**In the Matter of George C. PARAS.**

**No. 45S00–0007–DI–445.**

Supreme Court of Indiana.

Feb. 26, 2001.

Marce Gonzales, North Merrillville, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The respondent, George C. Paras, delegated to his secretary responsibility for making deposits to and withdrawals from his office and attorney trust accounts. As a result of his failure to supervise her in that task, numerous errors occurred in the handling of those accounts, causing dam-

---

age to some of the respondent's clients. Today we approve a *Statement of Circumstances and Conditional Agreement for Discipline* between the respondent and the Disciplinary Commission calling for a public reprimand of the respondent, his participation in classes on trust account management, and the monitoring of his trust accounts for that misconduct.

Having been admitted to the bar of this state in 1980, the respondent is subject to this Court's disciplinary jurisdiction. The agreed facts show that the respondent collected a personal injury settlement on behalf of a client and agreed to pay certain medical bills the client had incurred. Although the respondent issued a $710 check to one such creditor in 1992, the creditor never received the check. The respondent learned of the omission in 1996 when his client, facing a lawsuit based on the outstanding debt, contacted him about the non-payment. The respondent failed to take any action in response to that information until 1998, when he determined the check had never been cashed. The respondent subsequently agreed to settle the matter with the creditor.

Between the date the check to the creditor was issued and the date of actual payment six years later, the balance in the respondent's trust account dropped below the $710 necessary to satisfy the obligation to the client's creditor. In fact, the secretary allowed funds belonging to many of the respondent's clients to be used for purposes other than the clients' benefit. Specifically, from February 1995 to June 1997, ten overdrafts of the trust account occurred. Although one of these overdrafts was due to bank error, five overdrafts resulted from the secretary's failure to reconcile the monthly bank statements and her trust account records. Another overdraft occurred because the secretary deposited a client settlement check into the respondent's office checking account, rather than the trust account. Upon discovering the error, the secretary transferred only part of the settlement from the office account into the trust account. She disbursed from the trust account the respondent's full fee from that settlement, although the funds needed to pay those fees were still in the office account.

Unbeknownst to the respondent, the Internal Revenue Service placed two levies against the trust account in 1996 for the respondent's unpaid taxes. Those levies caused further misappropriation of client funds and only came to the respondent's attention after a client informed him of problems in negotiating a check drawn on the trust account. The respondent also left large sums representing his earned fees in the trust account during 1993 and 1994.

The respondent did not learn of these irregularities promptly because he never reconciled his trust account or examined the check register or monthly bank statements to check for any discrepancies. He also failed to take any action to ensure that his secretary or an independent examiner conducted regular reviews.

We find that the respondent violated Ind. Professional Conduct Rule 5.3(b) by failing to take reasonable efforts to ensure that his secretary's conduct was compatible with his professional obligations as a lawyer.[1] The respondent was obligated to maintain client or third party funds in a separate account from his own. Prof. Cond.R. 1.15(a). He also had the duty to promptly deliver to the third party the $710 owed it. Prof.Cond.R. 1.15(b). Moreover, he was required to safeguard the property of his clients with the care required of a professional fiduciary. *See Official Comment to Prof.Cond.R. 1.15.*

---

1. Prof.Cond.R. 5.3 provides in relevant part:

   With respect to a nonlawyer employed or retained by or associated with a lawyer:
   . . .

   (b) A lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer . . .

All of those professional obligations were compromised by his failure to ensure that his secretary's conduct was compatible with the provisions of Prof.Cond.R. 1.15. The respondent admittedly provided no oversight of the delegated functions, prompting long delays in his discovery of the account's mismanagement.

Accordingly, we also find the respondent violated Prof.Cond.R. 1.15(a) by allowing significant sums of earned fees to accumulate and remain in his attorney trust account for extended periods.[2] Although the secretary's mismanagement of the accounts directly prompted the misconduct, the respondent nonetheless is culpable. A lawyer is responsible for all of the professional actions of a legal assistant performing legal assistant services at the lawyer's direction. *Use of Legal Assistants, Guideline 9.1, Rules of Professional Conduct.*

We must now determine an appropriate sanction. In doing so, we consider the misconduct, the respondent's state of mind underlying the misconduct, the duty of this court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *Matter of Mears,* 723 N.E.2d 873 (Ind. 2000).

We note as a mitigating circumstance that the respondent has not been professionally disciplined previously. Moreover, the respondent terminated his secretary's employment immediately upon learning of her funds mismanagement. Immediately thereafter, the respondent assumed sole control over his trust account transactions and remains the only authorized signatory on the trust account. The respondent also has hired an accountant who reconciles the trust account on a monthly basis. Finally, the respondent cooperated fully with the Commission throughout its investigation and has expressed remorse with regard to

his misconduct. We note that the respondent's actions reflect his recognition of his wrongdoing and his willingness to adjust his conduct to conform to the *Rules of Professional Conduct.* Moreover, this case does not involve allegations of purposeful mishandling of client funds by the respondent or the loss of any funds to the respondent's clients or third parties. Therefore, we approve the agreed sanction of a public reprimand and the further requirements that the respondent obtain instruction on trust account management and submit his trust account to independent auditing for one year.

Accordingly, the respondent, George C. Paras, is hereby reprimanded and admonished for the misconduct described above. We further order that the respondent attend a continuing legal education course on trust account management within six months after the date of this opinion and certify in writing to the Executive Secretary of the Commission within 30 days after attendance that he has completed the course. We also order the respondent to submit his trust account to audit by an independent certified public accountant on at least a quarterly basis for a period of one year following the date of this opinion. The respondent shall promptly submit copies of each audit report to the Executive Secretary of the Commission. Any irregularities noted in the audit reports may provide, if warranted, the basis for new disciplinary charges against the respondent.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of

---

**2.** Prof.Cond.R. 1.15(a) provides in relevant part:

> A lawyer shall hold property of clients or third persons that is in a lawyer's posses-

sion in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account. . . .

the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and BOEHM, and RUCKER, JJ., concur.

DICKSON and SULLIVAN, JJ., dissent, believing the sanction to be inadequate.