### In the Matter of Donald K. McCLELLAN.

No. 18S00–0008–DI–498.

Supreme Court of Indiana.

Sept. 7, 2001.

James A. Schafer, Muncie, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The respondent, Donald K. McClellan, asserted in a petition filed before the

Indiana Court of Appeals that an earlier decision by that Court "reads like a bad lawyer joke ..." Today we approve a Statement of Circumstances and Conditional Agreement for Discipline between the respondent and the Indiana Supreme Court Disciplinary Commission calling for a reprimand of the respondent for that statement.

Having been admitted to the bar of this state in 1981, the respondent is subject to our disciplinary jurisdiction.

The undisputed facts are that the respondent filed an interlocutory appeal on behalf of a client against whom a default judgment had been entered in a personal injury case. The Court of Appeals, in an unpublished decision issued February 16, 1999, affirmed the default judgment. In doing so, the Court rejected the respondent's argument that the plaintiffs' lawyer had broken his promise to not seek a default judgment against the respondent's client. The Court ruled that the plaintiffs had promised only to refrain from seeking a default judgment without first giving the defendants thirty days to appear. The Court of Appeals further concluded that the plaintiffs had fulfilled that promise.

On March 18, 1999, the respondent filed a petition for rehearing in the Court of Appeals. In that petition, the respondent wrote:

III. SADLY, THE RAMIFICATIONS OF THE COURT'S DECISION READS (sic) LIKE A BAD LAWYER JOKE ... 'WHEN IS IT OKAY FOR A LAWYER TO LIE? WHEN HIS LIPS ARE MOVING TO AN INSURANCE ADJUSTER. . . .'

This Court's opinion *continues* the perception that was discussed extensively in the Indiana Lawyer, March 3–16, 1999, where the legal profession is attempting a public relations campaign concerning the public's perception of lawyers. The

Indiana Lawyer discussed the American Bar Association's study that said the public's perception is lawyers are more concerned with their own interests than the public's or their client's and expressed a concern to stop the cocktail party jokes or mute the motion picture stereotypes that paint the legal professions as greedy and ruthless.

The Court's opinion does nothing more than fuel these perceptions. It is a widely held belief by the general public that lawyers lie and the Court's (sic) protect them. This Court cannot ignore (the plaintiffs') attorney lied to (an insurance adjuster), when he promised not to seek a default, communicated both orally and in writing, and then later filed a default. The breaking of a promise is a lie and the essence of the Court's holding is that it is acceptable for a lawyer to lie to an insurance adjuster. The Trial Court abused its' (sic) discretion in not enforcing (the) promise (of the plaintiffs' lawyer) not to seek a default. This Court **could have advanced lawyer accountability** in communications by finding the Trial Court abused its' (sic) discretion in not enforcing (that) promise and further, by stating the failure to enforce a lawyer's promise not to seek a default constitutes an abuse of discretion and holding that attorney misrepresentations or lying would not be tolerated.

Appellant's Petition for Rehearing at 4 (emphasis in original).

On June 9, 1999, the Court of Appeals published an opinion granting the petition for rehearing. *B & L Appliance and Services, Inc. v. McFerran*, 712 N.E.2d 1033 (Ind.Ct.App.1999). Although it modified its original decision, the Court of Appeals again affirmed the trial court. The Court of Appeals also struck the third section of the respondent's petition for rehearing set

forth above, stating that the accusations were "a disservice to the client and demeaning to the judiciary and the legal profession."

█ We have stated that the judicial institution is greatly impaired if attorneys choose to assault the integrity of the process and the individuals who are called upon to make decisions. *Matter of Garringer*, 626 N.E.2d 809 (Ind.1994). This court must preserve the integrity of the process and impose discipline on those who cannot adhere to professional standards in this regard. Accordingly, Ind.Professional Conduct Rule 8.2(a) prohibits lawyers from making statements that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge. The respondent's statement that the Court of Appeals authorized attorneys to lie supports a negative perception of lawyers generally and impugns the integrity of the judges who decided that case. Accordingly, we find that the respondent violated the rule.

Professional Conduct Rule R. 8.4(d) provides that a lawyer commits professional misconduct when engaging in conduct prejudicial to the administration of justice. The respondent violated that rule by engaging in conduct that demeaned the judiciary and the legal profession. .

█ Given our finding of misconduct, we will now determine whether a public reprimand is appropriate discipline for it. This assessment involves analysis of the respondent's state of mind underlying the misconduct, the duty of this court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *Matter of Mears*, 723 N.E.2d 873 (Ind.2000).

█ The respondent has no disciplinary history and his inappropriate remarks,

while misguided, were the product of over-zealous advocacy, rather than selfish or dishonest motive. We have imposed an admonishment for similar misconduct. *See, e.g., Matter of Reed*, 716 N.E.2d 426 (Ind.1999) (public reprimand for prosecuting attorney who made inaccurate and reckless statements about newly appointed judge questioning the judge's integrity). Accordingly, we find that the agreed sanction of a public reprimand is sufficient in this case.

It is, therefore, ordered that the respondent, Donald K. McClellan, is admonished and reprimanded for this misconduct.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.