In the Matter of Ronald J. MOORE.

No. 89S00–0105–DI–230.

Supreme Court of Indiana.

Oct. 17, 2001.

Ronald E. Elberger, Bose, McKinney & Evans, L.L.P., Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Laura Iosue, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

DISCIPLINARY ACTION

PER CURIAM.

Attorney Ronald J. Moore retained for personal use nearly $20,000 in legal fees in contravention of an agreement which required him to remit such fees to his law firm. To conceal his misconduct, he lied about the fees to other attorneys in the firm. Today we approve a *Statement of Circumstances and Conditional Agreement for Discipline* between the respondent and the Indiana Supreme Court Disciplinary Commission, which calls for his suspension from the practice of law for this misconduct. *See* Ind. Admission and Discipline Rule 23, Section 11.

Having been admitted to the bar of this state in 1997, the respondent is subject to our disciplinary jurisdiction.

The facts are undisputed. Two months after graduating from law school in 1997, the respondent was hired as an associate lawyer by a Richmond, Indiana, law firm. The firm and the respondent agreed that the respondent would be paid a salary, that all legal work he performed would be as an agent of the firm, and that all fees he earned would belong to the firm. The respondent's salary was $600 per week from August 4, 1997, until his bar admission on November 3, 1997; $800 per week from November 4, 1997, through December 31, 1998; $900 per week for the 1999 calendar year, with a $4,000 year-end bonus; and $1,000 per week for the 2000 calendar year.

For about 18 months, the respondent's duties at the firm included handling criminal appeals as an appellate public defender for Wayne County. During the course of the public defender contract, the respondent received $11,900 from Wayne County in checks made payable to him. The respondent deposited the checks into his per-

sonal bank account and never remitted any of those fees to the firm. At least twice in 1999, members of the firm confronted the respondent about the absence of fees from his public defender work. The respondent told them that he had not been paid yet by Wayne County. By April 2000, members of the firm became so suspicious of the respondent's assertions that they contacted the Wayne County Auditor's Office. They discovered that the respondent had been receiving payments for the public defender work for approximately 18 months. On April 13, 2000, members of the firm confronted the respondent with this information. He admitted he had retained the money. He also disclosed that he had represented clients charged with drunk driving, charged each $750 for the representation, and deposited all of the fees into his personal bank account, instead of turning them over to the firm as he was required. To avoid detection, the respondent did not enter these cases into the firm's case management system and required the clients pay him directly. The fees improperly retained by the respondent from the public defender contract and from the ten drunk driving clients totaled $19,400.

■ We find that, by his theft of funds that pursuant to agreement belonged to the law firm, the respondent violated Ind. Professional Conduct Rule 8.4(b), which provides that an attorney commits professional misconduct when engaging in a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects. We also find that by lying to his colleagues about those fees, the respondent violated Prof.Cond.R. 8.4(c), which provides that a lawyer commits professional misconduct when engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

■ Given our finding of misconduct, we must determine an appropriate discipline. The parties agree that an 18–month suspension from the practice of law is warranted. In determining appropriate discipline, we consider the misconduct, the respondent's state of mind underlying the misconduct, the duty of this court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *Matter of Mears*, 723 N.E.2d 873 (Ind.2000).

In mitigation, the parties agree that the respondent paid the firm $20,000, which included the fees he wrongfully retained plus interest, within one month after his wrongdoing was discovered and before any disciplinary investigation was pending. The respondent underwent counseling and has satisfied the personal financial obligations which contributed to his decision to commit the misconduct. Joined by members of his firm, the respondent voluntarily reported his misconduct to the Disciplinary Commission. He also has met individually with the judges in Wayne County and with members of the Wayne County Bar Association to admit his misconduct.

In aggravation, the parties note the respondent planned his conversion of funds and perpetuated this scheme for at least 18 months by lying about it on two occasions when members of the firm confronted him. The parties further agree the respondent's actions demonstrate a pattern of misconduct both in terms of the types of funds he converted—both public defender contract checks and funds from ten clients—and in the repetitive nature of his actions. The parties also note the respondent's actions were motivated by personal financial stress and occurred shortly after he graduated from law school when he was earning from $41,600 to $52,000 annually.

In a similar case, we suspended an attorney who retained fees belonging to the attorney's firm. *Matter of Miller*, 730 N.E.2d 171 (Ind.2000). Given the respondent's carefully planned and executed deception in this case, we conclude that the agreed suspension is appropriate.

Accordingly, the respondent, Ronald J. Moore, is hereby suspended from the practice of law for not fewer than eighteen (18) months, beginning November 19, 2001, at the conclusion of which he shall be eligible to petition for reinstatement pursuant to Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.