**In the Matter of Donald K McCLELLAN, Respondent.**

No. 18S00–0701–DI–41.

Supreme Court of Indiana.

Aug. 31, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** On July 18, 2006, Respondent was charged with Possession of Cocaine, a class D felony, and Public Intoxication, a class B misdemeanor. The criminal case is still pending. On January 26, 2007, the Commission filed a "Verified Complaint for Disciplinary Action" charging Respondent with professional misconduct.

The parties agree to the following facts in mitigation: (1) Respondent has cooperated with the Commission and self-reported his arrest; (2) on September 14, 2006, Respondent successfully completed a six-week intensive outpatient program; (3) on October 13, 2006, Respondent executed an Interim Monitoring Agreement with the Indiana Judges and Lawyers Assistance Program ("JLAP"); and (4) Respondent has remained in compliance with all JLAP requirements. One fact in aggravation is that Respondent received a public reprimand in a prior action, which did not involve alcohol or substance abuse. *See In re McClellan,* 754 N.E.2d 500 (Ind.2001).

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits a lawyer from committing a criminal act that reflects adversely on his or her honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** Respondent committed a serious ethical breach. In some circumstances, such conduct would warrant harsher discipline than the parties propose in this case. In assessing the agreed sanction in this case, however, Court notes that Respondent has taken responsibility for his actions and has been successfully participating in treatment and JLAP monitoring. In light of the Court's desire to encourage lawyers to act responsibly in such situations and to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the following agreed discipline:

(1) Respondent is suspended from the practice of law for 180 days, with the first 30 days served as active suspension.

(2) The balance of the suspension shall be conditionally stayed subject to successful completion of a two-year probation with continued JLAP monitoring and quarterly reports to the Commission.

(3) If Respondent violates his probation, the Commission will petition to revoke his probation and request the remaining 150 days of suspension be actively served without automatic reinstatement.

**Respondent's suspension shall take effect on October 12, 2007.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent.

**58** ◼ ▬▬▬▬▬▬▬

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur, except SHEPARD, C.J., and DICKSON, J., who would reject the conditional agreement, believing actual suspension for thirty days is insufficient.